# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TARENCE BANKS,**

        **Plaintiff,**

        **v.**                           **Case No. 14-CV-381**

**RACINE COUNTY JAIL CORRECTIONAL HEALTH CARE,**
**NURSE LESLIE,**
**UNKNOWN, Sued as Nurse Practitioner Jane Doe,**
**NURSE BILL, Sued as Nurse Bill Doe,**
**NURSE MEHRING, CHRISTOPHER SCHMALING,**
**DEPUTY KOLDEWAY, PATRICK NOONAN,**
**MELISSA A. GONZALES, SGT. MORAN,**
**LT. BARKER, LT. FRIEND,**
**UNKNOWN, Sued as Evans Doe, Classification Jailer,**
**CAPTAIN WEARING, and SGT. LEDEZMA,**

        **Defendants.**

---

## SCREENING ORDER

    Plaintiff, who is confined at the Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the court on plaintiff's petition to proceed in forma pauperis.  He has been assessed and paid an initial partial filing fee of $28.25.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, on October 8, 2013, plaintiff was at a hospital because he suffered a gun shot wound to his left arm. As a result, his left arm was amputated.

Plaintiff arrived at the Racine County Jail on November 12, 2013. He was initially placed in an intake cell that was not handicap accessible. Plaintiff was unable to get off of his bed in time make it to the toilet and urinated on himself several times. He was in that cell for about five days at which time he was moved to Unit 2D dayroom 4, or "Med/Seg but in reality it's just a segregation cell." This cell was also not handicap accessible.

Plaintiff was on shower restriction during this time because there were no handicap accessible showers in Unit 2D dayroom 4. Once plaintiff was approved for a shower, he

was instructed to use the dayroom shower which had no handrails or bars. Plaintiff complained about this and was given a regular chair to sit on but he fell in the shower trying to use the chair. He was then approved to go downstairs to use the shower which had handrails. A chair was also placed in the shower but it was the same plastic chair plaintiff previously fell with while using. Plaintiff complained about this and it took almost two months for Jail staff to put a medical shower chair in the shower room but they removed the handrails off the chair which rendered it useless anyway. Plaintiff was only escorted to the shower every four to five days and he developed a rash.

Plaintiff developed an infection in his arm wound because his dressing was not changed properly as directed. He was unable to wash his arm and back area and as a result developed a rash. Plaintiff received cream for the rash but he was unable to apply the cream himself and "had to let a mentally challenged sex offender put cream on my back." Plaintiff was also denied his original mattress and his medically approved extra mattress between 8 a.m. and 8 p.m.

Plaintiff was again placed in a non-handicap accessible cell in dayroom 4 and this time noone would help him at all. He had trouble getting his dinner out of the ziplock bag, tying his laundry bag, and making his bed.

One morning while Officer Pearson was escorting plaintiff to the showers, defendant Koldeway shouldered plaintiff and tried to knock him down. The incident was investigated and plaintiff gave a statement to the Racine County Sheriff's Department. Plaintiff was injured from the incident.

Plaintiff received a conduct report from Timothy Venagas following the incident. He was found guilty following an unfair and impartial disciplinary hearing where he was a staff

4

advocate. Plaintiff received ten days in segregation. While there, he did not receive his medically approved items. Plaintiff received another fifteen days in segregation because defendant Noonan charged plaintiff with threatening him. At the hearing on the conduct report for the charge, plaintiff's witness was never called. He spent twenty-five days total in segregation.

Plaintiff claims that between November 2013 and April 2014, he was denied a handicap accessible cell and that he suffered daily because he could not get his handicapped needs met. He seeks monetary damages.

Although not entirely clear, it appears that plaintiff was a pretrial detainee at all times relevant. At this stage of the proceedings, he may proceed on Fourteenth Amendment conditions of confinement and deliberate indifference to a serious medical needs claims regarding the conditions at the Jail and the alleged failure to treat his wound as directed. Plaintiff may also proceed on due process claims related to his disciplinary hearings which resulted in segregation stays. Lastly, he may proceed on an excessive force claim based on the allegation that defendant Koldeway shouldered him causing injury.

Plaintiff will need to use discovey to identify the Doe defendants. Defendant Racine County Jail Correctional Health Care will dismissed because it is not a suable entity under § 1983.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a

reasonable attempt to secure private counsel on their own.  <u>Pruitt v. Mote</u>, 503 F.3d 647,

653 (7th Cir. 2007).  If the plaintiff makes a reasonable attempt to secure counsel, the

court must examine "whether the difficulty of the case – factually and legally – exceeds the

particular plaintiff's capacity as a layperson to coherently present it."  <u>Navejar</u>, 781 F.3d at

696 (citing <u>Pruitt</u>, 503 F.3d at 655).  This inquiry focuses not only the plaintiff's ability to try

his case, but also includes other "tasks that normally attend litigation" such as "evidence

gathering" and "preparing and responding to motions."  <u>Id.</u>

In this case, plaintiff has not provided any indication that he has unsuccessfully

attempted to obtain legal counsel on his own.  Nonetheless, plaintiff has provided a

detailed complaint setting forth his claims.  Moreover, the issues in this case appear at this

stage to be straightforward and uncomplicated.  Therefore, at this juncture, given the

nature of the case, it appears that plaintiff is competent to litigate this case himself.

Accordingly, his motion for appointment of counsel will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma

pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 7)

is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Racine County Jail Correctional Health

Care is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the

complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure

4.  The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§  0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Racine County Sheriff shall collect from plaintiff's prison trust account the $321.75 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to Racine County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.  As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants.  All defendants will be served electronically through the court's electronic case filing system.  The plaintiff should retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge