# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    **Plaintiff,**

    v.                                                      Case No. 14-CV-381

**NURSE LESLIE, UNKNOWN,
NURSE BILL, NURSE MEHRING,
CHRISTOPHER SCHMALING, NICK KOLDEWAY,
PATRICK NOONAN, MELISSA A. GONZALES,
SGT. MELISSA MORAN, LT. SHAWN BARKER,
LT. BRADLEY FRIEND, UNKNOWN,
DOUGLAS WEARING, and PORFIRIO LEDEZMA,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff has filed a motion for reconsideration of the court's May 27, 2014, order denying his motion to appoint counsel. He has also filed a renewed motion to appoint counsel. I will deny as moot the motion for reconsideration and consider the renewed motion herein. In support of his request for counsel, plaintiff asserts that the issues in his case are complex and that it would be difficult to litigate on his own. He further asserts that he has extremely limited access to the law library at the Racine County Jail. Lastly, plaintiff states that he has some high school education and no legal education.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a

reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. He is proceeding on a Fourteenth Amendment conditions of confinement claim regarding alleged conditions at the Racine County Jail; a deliberate indifference to a serious medical need claim based on allegations that defendants failed to properly treat the wound from his arm amputation which resulted in an infection and rash; a due process claim related to his disciplinary hearings which resulted in segregation stays; and an excessive force claim based on the allegation that defendant Koldeway shouldered him causing injury. While plaintiff is proceeding on several claims against multiple defendants, the claims are straightforward. His filings so far demonstrate that he is capable of advocating for himself and conducting discovery. In addition, although plaintiff asserts that he may need a medical expert for his medical care claim, that claim involves allegations that defendants failed to change his wound dressing as directed and it is not clear that such claim would require an expert. For all of these reasons, I find that plaintiff is competent to proceed on his own at this stage and I will deny without prejudice his motion to appoint counsel. I will also mail plaintiff a pro se guide which may provide assistance as the case proceeds.

A Scheduling Order, which sets deadlines for the completion of discovery and filing dispositive motions, will be issued at the same time as this Order. Plaintiff is advised that I will consider extending the deadlines set in that order if he needs additional time to conduct discovery and/or prepare court filings. Finally, with respect to any Doe defendants or defendants that have not been served based on insufficient identifying information, the parties are advised that it "is the duty of the district court to assist [plaintiff], within reason, to make the necessary investigation." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) (quoting Billman v. Ind. Dep't of Corr., 56 F.3d 785, 790 (7th Cir. 1995)).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration (Docket # 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a pro se guide: Answers to Prisoner Litigants' Common Questions.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge