# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

                Plaintiff,

v.                              **Case No. 14-cv-381-pp**

**NURSE LESLIE,**
**UNKNOWN, Sued as Nurse Practitioner Jane Doe,**
**NURSE BILL, Sued as Nurse Bill Doe,**
**NURSE MEHRING,**
**CHRISTOPHER SCHMALING,**
**NICK KOLDEWAY,**
**PATRICK NOONAN,**
**MELISSA A. GONZALES,**
**SGT. MELISSA MORAN,**
**LT. SHAWN BARKER,**
**LT. BRADLEY FRIEND,**
**UNKNOWN, Sued as Evans Doe, Classification Jailer,**
**DOUGLAS WEARING, and**
**PORFIRIO LEDEZMA,**

                Defendants.

## DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING THE PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO CONDUCT DISCOVERY, AND VACATING THE SEPTEMBER 30, 2014, SCHEDULING ORDER

The plaintiff is a prisoner, and represents himself. During the time period of the events related in his complaint, he was incarcerated in the Racine County Jail. On December 12, 2014, the plaintiff filed a motion asking for reconsideration of United States District Judge Lynn Adelman's September 3, 2014 order denying his motion to appoint counsel. Since the plaintiff filed his motion for reconsideration, his case has been reassigned to this court.

1

As background, the court notes that on May 27, 2014, Judge Adelman granted the plaintiff's motion for leave to proceed *in forma pauperis* on three causes of action: (a) his Fourteenth Amendment claim regarding conditions of confinement and deliberate indifference to a serious medical need claims regarding the conditions at the jail and the alleged failure to treat his wound as directed; (b) his due process claims related to disciplinary hearings which resulted in segregation stays; and (c) his excessive force claim based on the allegation that defendant Koldeway shouldered him, causing injury. On September 25, 2014, the plaintiff filed a motion, asking Judge Adelman to appoint him an attorney, because he could not afford to hire one, and the issues in his case were complex.

On September 30, 2014, Judge Adelman issued an order denying the plaintiff's motion for *pro bono* counsel. In that order, Judge Adelman stated:

> While plaintiff is proceeding on several claims against multiple defendants, the claims are straightforward. His filings so far demonstrate that he is capable of advocating for himself and conducting discovery. In addition, although plaintiff asserts that he may need a medical expert for his medical care claim, that claim involves allegations that defendants failed to change his wound dressing as directed and it is not clear that such claim would require an expert. For all of these reasons, I find that plaintiff is competent to proceed on his own at this stage and I will deny without prejudice his motion to appoint counsel. I will also mail plaintiff a pro se guide which may provide assistance as the case proceeds.

(ECF No. 30 at 2.)

On December 2, 2014, the plaintiff filed the current motion for reconsideration of that decision. In support of his request for reconsideration,

2

the plaintiff states that he has not served all of the defendants, that he does not know how to prepare a discovery motion, that the person who previously helped him with his case is no longer accessible, and that, as of the time he wrote his motion, he was on administrative segregation and thus had limited access to the law library. In addition to asking the court to reconsider the decision to appoint counsel, the plaintiff also requested additional time to conduct discovery. He indicated that he needed time to figure out how to formulate discovery and summary judgment motions.

The court notes that on February 11, 2015, the court received a letter from the plaintiff, expressing concern that the court had not ruled on the above requests, as well as expressing concern that he had only just received the defendants' motion for summary judgment and would not have sufficient time to respond.

As the plaintiff knows from Judge Adelman's September 30, decision, the court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As Judge Adelman noted, before the court can exercise that discretion, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court then examines "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*,

781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Judge Adelman already has found in his September 30 decision that the plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. The issue the plaintiff raises again in his motion to reconsider, as well as in his February 11 letter, is whether his case is such a difficult one, factually and legally, that he, as a layperson, can't coherently present it. Judge Adelman found that it was not. This court must agree.

The first issue the plaintiff raises in his motion to reconsider is the fact that because he was in segregation, he had limited access to the law library. The court assumes that the plaintiff will not be in segregation indefinitely, and his motion implied that he did have some access to the law library. This, in itself, does not prevent him from laying out his case.

Second, the plaintiff argued in his motion to reconsider that he did not know how to prepare a discovery motion. But on December 18, 2014, the plaintiff filed with the court a copy of a discovery request that he had submitted to counsel for the defendants. It is a fairly detailed discovery demand—indeed, it looks very similar to the discovery demands the court sees from attorneys. The docket shows, then, that the plaintiff underestimates his abilities in this regard.

The last argument the plaintiff raises in the motion to reconsider is that the person who previously helped him was no longer available. While the court acknowledges that it is helpful to have assistance in presenting one's legal claims, the plaintiff's discovery motion demonstrates that, even without assistance, the plaintiff can present a comprehensive document that demonstrates a solid grasp of his claims and the issues.

In his February 11, 2015 letter, the plaintiff adds that now, he has received the defendants' motion for summary judgment, and he doesn't understand some of what the defendants say in it. He expresses concern that he won't be able to file a response in 30 days (as required by the rules). He also notes that he has a trial (presumably before another court) coming up "next month"—presumably in March—which, along with a physical impairment, makes it difficult for him to handle the demands of his various cases.

This court usually is willing to give some leeway to parties—whether they are inmates or not—in extending time deadlines, if the parties show good cause for needing additional time. The court also understands that parties have many demands on their limited time and resources—plaintiffs and defendants alike. The solution to these concerns, however, is to give the plaintiff some additional time to work on his pleadings in this case.

In short, considering the nature of the plaintiff's claims and his demonstrated capabilities, the court cannot disagree with Judge Adelman that the plaintiff is able to conduct pretrial discovery and advocate for himself at

this stage of the proceedings. The court, therefore, denies the plaintiff's motion to reconsider its decision not to appoint him counsel.[1]

In the December 2 motion for reconsideration, the plaintiff also seeks additional time to conduct discovery. As the court notes above, it is usually willing to extend deadlines for parties who show good cause. In this case, the court is willing to do that, both with regard to the discovery deadline and with regard to his deadline for responding to the defendants' motion for summary judgment. The court will vacate the deadlines set in the September 30, 2014 scheduling order (ECF no. 31), and has set out the new deadlines below.

Finally, the court recalls that the plaintiff stated in his December 2 motion to reconsider that he had not served all of the defendants. It appears that the plaintiff has not identified or served the following defendants: Nurse Leslie, Unknown (sued as Nurse Practitioner Jane Doe), Nurse Bill, Nurse Mehring, and Unknown (Sued as Evans Does, Classification Jailer). With regard to the unnamed defendants, the Seventh Circuit has stated as follows:

> Ordinarily a tort victim who does not know who the tortfeasor is cannot sue. To know that one has been injured tortiously but not by whom is a ground for tolling the statute of limitations, but it is

---

[1] As noted above, the plaintiff also indicated in the motion to reconsider that he "need[ed] to find out how to formulate a discovery motion and summary judgment." The ethical rules and judicial code prohibit courts from giving parties legal advice. The court can direct the plaintiff to Rules 26 through 37 of the Federal Rules of Civil Procedure, which describe the various ways in which a party can seek discovery. Regardless of which of these ways the plaintiff selects, he should direct his discovery demands or requests to the defendants, not to the court.

A court becomes involved in the discovery process only if a party fails to respond to interrogatories or requests for production of documents. If that happens, the other party may file a motion asking the court to compel discovery, but only after conferring or attempting to confer with the party who failed to make disclosure or discovery in an effort to obtain that discovery without court action. The rules require that parties attempt to resolve discovery disputes between themselves before anyone files a motion to compel discovery. If a party does file a motion to compel discovery, the party should describe in that motion the efforts the party made to obtain the discovery without the court's involvement. *See* Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

not a ground for filing suit before the plaintiff knows who injured him and who therefore should be named as the defendants. But this is not an ordinary case. [The plaintiff] is a prison inmate. His opportunities for conducting a precomplaint inquiry are, we assume, virtually nil. . . . Even without doing any investigating, [the plaintiff] knew enough to know that a terrible thing had been done to him. But he did not know enough to identify the culprits or to determine whether they had the confluence of knowledge . . . and power . . . necessary to hold them liable for inflicting a cruel and unusual punishment.

We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law. If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous. The principle is not limited to prisoner cases. It applies to any case in which, usually because the plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery. . . . Of course, eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed. But his initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity.

Our point is not that [the plaintiff] should be given a break because he lacks legal skills. Or that his complaint should, like any complaint governed by the Federal Rules of Civil Procedure, be read generously. . . . Our point is that because [the plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist him, within reason, to make the necessary investigation.

*Billman v. Ind. Dep't of Corr.*, 56 F.3d 786, 789-90 (7th Cir. 1995).

In this case, the plaintiff already has served a discovery request on the defendants (or he should have—the court at least knows he's filed that request

7

with the court), seeking the identities of the defendants who are not fully identified so that they may be served. The plaintiff does not, at this point, indicate whether the defendants have responded and provided him with those identities. Once the plaintiff learns from the known defendants the full names of the unidentified defendants, he must advise the court, in writing, so that those defendants receive service of the lawsuit. If the plaintiff is unable to obtain the identities of the unknown defendants, he should advise the court in writing, and, as the Seventh Circuit indicated in *Billman*, this court will assist him.

**WHEREFORE**, the court hereby **ORDERS** that the plaintiff's motion for reconsideration (Docket # 32) is **DENIED**.

The court further **ORDERS** that the September 30, 2014, Scheduling Order is **VACATED**.

The court further **ORDERS** that the plaintiff's request for an extension of time to conduct discovery is **GRANTED**. The new deadline for the completion of discovery is **May 8, 2015**. The new deadline for any party to file, or to amend, dispositive motions is **June 8, 2015**. The deadlines for parties to respond to any dispositive motions filed by June 8, 2015, as well as the deadlines for parties to file replies, is still governed by Federal Rules of Civil Procedure 12 and 56, as well as Civil Local Rule 7 (E.D. Wis.), copies of which were included with the September 30, 2014 scheduling order.

Dated at Milwaukee this 12th day of February, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**