UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TARENCE BANKS,

        Plaintiff,

                                                                         Case No. 14-CV-0381

vs.

NURSE LESLIE, UNKNOWN,
NURSE BILL, NURSE MEHRING,
CHRISTOPHER SCHMALING, NICK KOLDEWAY,
PATRICK NOONAN, MELISSA A. GONZALES,
SGT. MELISSA MORAN, LT. SHAWN BARKER,
LT. BRADLEY FRIEND, UNKNOWN,
DOUGLAS WEARING, and PORFIRIO LEDEZMA,

        Defendants.
_____

## ANSWER
_____

        Defendant Classification Officer Joshua Evans (incorrectly named Classification Jailer Evans Doe) by and through Jaclyn C. Kallie, and for his Answer and Affirmative Defenses, states as follows:

### PLACE OF PRESENT CONFINEMENT

        I.        Answering paragraph I, this Defendant admits that at the time the Complaint was filed Plaintiff was confined at the Racine County Jail ("RCJ"). Upon information and belief, Plaintiff is presently confined at the Wisconsin Secure Program Facility, P.O. Box 9900, Boscobel, WI 53805. This Defendant denies that the RCJ does not have a grievance procedures. The remaining allegations of paragraph I and its subparagraphs are legal conclusions for which no response is required. To the extent a response is required, this Defendant denies the allegations.

## PARTIES

II.	Answering paragraph II(A), (B), (C), and (D), this Defendant admits same as of the date of the Complaint. Defendant Evans admits that he was employed as a classification officer at the Racine County Jail. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph II and its subparagraphs and therefore denies the same, putting the Plaintiff specifically to his proof thereon.

## PREVIOUS LAWSUITS

III.	Answering paragraph III, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same, putting the Plaintiff specifically to his proof thereon.

## STATEMENT OF CLAIM

IV.	Answering paragraph IV, this Defendant denies that he subjected Plaintiff to unconstitutional conditions of confinement and/or that he was deliberately indifferent to Plaintiff's serious medical needs claims regarding the conditions at the RCJ and the alleged failure to treat his wound as directed. Defendant further denies that he deprived Plaintiff of due process and/or that he subjected Plaintiff to unlawful use of force. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph IV and any of its subparagraphs and/or appended or supplemental pages and therefore denies the same, putting the Plaintiff specifically to his proof thereon. This Defendant otherwise denies liability to the Plaintiff under any theory and further denies having violated the Plaintiff's civil rights made actionable pursuant to 42 U.S.C. § 1983 in any way.

## RELIEF REQUESTED

V. Answering paragraph V, this Defendant denies the Plaintiff is entitled to any relief and denies the allegations contained therein.

Further answering, this Defendant denies all allegations not specifically admitted or otherwise answered and puts the Plaintiff specifically to his proof thereon.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, this Defendant respectfully submits the following:

A. The injuries and damages sustained by the Plaintiff, if any, were caused in whole or in part by the acts or omissions of the Plaintiff or persons other than the Defendant;

B. The Plaintiff may have failed to mitigate his damages;

C. The Complaint fails to state a claim upon which relief may be granted;

D. The Defendant at all times relevant acted in good faith and was not motivated by malice or intent to harm;

E. Plaintiff's claims may be barred by the applicable statute of limitations;

F. The Defendant is immune from suit under common law and statutory immunities and privileges, including, but not limited to, qualified and discretionary immunity;

G. The Defendant is immune from suit under the doctrine of judicial, quasi-judicial, legislative, and quasi-legislative immunity;

H. Plaintiff may have failed to fully exhaust his administrative remedies;

I. Plaintiff's claims for damages for mental distress absent any prior physical injury are precluded under 42 U.S.C. § 1997e(e); and

J. To the extent that Plaintiff presents claims under Wisconsin state law, they are subject to the limitations, prerequisites, and immunities contained within Wisconsin Statutes § 893.80.

3

WHEREFORE, the Defendant respectfully requests judgment as follows:

1. For dismissal of the Complaint upon its merits;

2. For reasonable actual attorney's fees pursuant to 42 U.S.C. § 1983(3);

3. For the costs, disbursements, and fees of this action; and

4. For such other relief as this Court deems just and equitable.

DEFENDANT DEMANDS A JURY

Dated this 24 day of September, 2015.

**BASCOM, BUDISH & CEMAN, S.C.**

_s/ Jaclyn C. Kallie_____
Timothy A. Bascom
State Bar No. 1010017
Jaclyn C. Kallie
State Bar No. 1088902
Attorney for Defendants Classification
Officer Joshua Evans, Lieutenant Shawn
Barker, Lieutenant Bradley Friend, Sergeant
Melissa A. Gonzales, Deputy Nick
Koldeway, Sergeant Porfirio Ledezma,
Sergeant Melissa Moran, Patrick Noonan,
Sheriff Christopher Schmaling and
Captain Douglas Wearing

2600 North Mayfair Road, Suite 1140
Wauwatosa, WI 53226
(414) 476-0800

4