## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS**

> **Plaintiff,**

**v.**

**NURSE LESLIE, ET AL.**

> **Defendants.**

**Case No. 14-CV-381**
**Case Code:**

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS NURSE LESLIE, NURSE MEHRING, NURSE BILL, AND NURSE PRACTITIONER JANE DOE

**NOW COME** Defendants Leslie Patton (identified in the Complaint as "Nurse Leslie"), Dana Mehring (identified in the Complaint as "Nurse Mehring"), William Coe (identified in the Complaint as "Nurse Bill"), and Mahita Gone (identified in the Complaint as "Nurse Practitioner Jane Doe") (hereinafter "these answering Defendants") by their attorneys, Siesennop and Sullivan, and as their response to the Plaintiff's Complaint they hereby admit, deny, and affirmatively allege as follows:

1. Answering the section of the Complaint entitled "Place of Present Confinement" on page 1 (all page number references are to the ECF pagination), these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2. Answering the section of the Complaint entitled "Parties" and "Parties – continued" on pp. 1-2 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

3. Answering the section of the Complaint entitled "Previous Lawsuits" and "Previous Lawsuits – continued" on pp. 2-4 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the Allegations therein.

4. Answering the section of the Complaint entitled "Additional Defendants Continued" on p. 3 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5. Answering the section of the Complaint entitled "Statement of Claim" on p. 4-5 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

6. Answering the section of the Complaint entitled "Handicap Accessibility Cell" on pp. 6-8 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7. Answering the section of the Complaint entitled "handicap accessible shower" on pp. 8-9 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

8. Answering the section of the Complaint entitled "Denial of Regular Shower" on p. 9 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

9. Answering the section of the Complaint entitled "Deliberate Indifferences to Serious Medical Needs" on pp. 9-11 of the Complaint, these answering Defendants deny they

violated the Plaintiff's constitutional rights in any way, and deny knowledge or information sufficient to form a belief as to the remaining allegations in this section.

10. Answering the section of the Complaint entitled "Placed in a Non Handicap Accessible Cell" on pp. 11-12 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

11. Answering the section of the Complaint entitled "Retaliation for filing Complaints / excessive force" on pp. 11-17 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

12. Answering the section of the Complaint entitled "Due Process Violation, Equal Protection Violation" on pp. 17-19, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

13. Answering the section of the Complaint entitled "Capacity" on p. 19 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14. Answering the section of the Complaint entitled "Relief you Request" on p. 20 of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

15. Answering all remaining sections of the Complaint, these answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

As and for their separate and distinct affirmative defenses, these answering Defendants allege as follows:

1. Some or all of the Plaintiff's Complaint fails to state a claim upon which relief can be granted against these answering Defendants

2. The injuries and damages sustained by the Plaintiff, if any, are the proximate result, in whole or in part, by the acts or omissions of the Plaintiff.

3. The injuries and damages sustained by the Plaintiff, if any, were caused in whole or in part, by the acts or omissions of third persons or parties over these answering Defendants had neither control nor the right to control.

4. The injuries and damages sustained by the Plaintiff, if any, were caused in whole or in part, based upon the failure to mitigate those injuries or damages.

5. All or part of the Plaintiff's alleged injuries and damages, if any, were the direct and proximate result of intervening and/or superseding causes.

6. These answering Defendants may be immune from suit under common law and statutory immunities including qualified immunity.

7. These answering Defendants have not been served with the Summons and Complaint as required by Fed. R. Civ. P. Rule 4.

8. This Court has not obtained personal jurisdiction over these answering Defendants.

9. The Plaintiff may have failed to exhaust the available administrative remedies, and this case should therefore be dismissed pursuant to 42 U.S.C. § 1997(e).

10. These answering Defendants were not aware of a substantial risk of serious harm to Plaintiff nor did these answering Defendants consciously disregard that risk.

11. These answering Defendants allege all affirmative defenses required under Fed. R. Civ. P. Rule 8(c) for the purpose of avoiding waiver of such defenses as may later apply.

12. These answering Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available, and therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, these answering Defendants respectfully requests judgment as follows:

1. Dismissing the Complaint against her on the merits;

2. For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988(3);

3. For costs and disbursements in this action as allowed by law; and

4. For such other and further relief as the Court deems just and appropriate.

**DEFENDANTS HEREBY DEMAND A TRIAL BY A JURY OF
TWELVE (12) PERSONS ON ALL ISSUES SO TRIABLE.**

Dated this 6th day of November 2015.

SIESENNOP & SULLIVAN
Attorneys for Defendants Nurse Mehring, Nurse Bill,
Nurse Leslie, and Nurse Practitioner Jane Doe

By: _s/ Steven T. Elmer_
    W. Patrick Sullivan
    State Bar Number: 1006235
    Steven T. Elmer
    State Bar Number:  1088018

P.O. Address:
SIESENNOP & SULLIVAN
200 North Jefferson Street
Milwaukee, Wisconsin 53202
Telephone:  414-223-7900
Facsimile:  414-223-1199