UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARENCE BANKS,
    Plaintiff,

v.                                       Case No.: 14-cv-381

NURSE LESLIE, et al.,
    Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL AND FOR SANCTIONS

### FACTS AND PROCEDURAL HISTORY

On December 18, 2014 Mr. Banks filed "Plaintiff first Request for Discovery - Request for Production of Document or things." See Mr. Banks' Declaration in support of his motion for sanctions and to compel discovery. (Hereinafter "Banks Dec"). Id., at ¶2; Docket #33. Mr. Banks specifically requested: "All information of all defendants including But not limited to Contact infromation full names of all the defendants, mail and phone." See Docket #33 at ¶1. The identity of Defendant Nurse Practitioner Jane Doe was not disclosed.

On June 23, 2015 attorney W. Patrick Sullivan entered a Notice of Appearance for the "Medical Defendants", which included Defendant Nurse Practitioner Jane Doe. See Docket #59. On that same day Attorney Steven T. Elmer also entered a notice of Appearance for the Medical Defendants in this suit. See Docket #61. Attorneys Sullivan and Elmer also filed an "Anser" for the Medical Defendants on June 23, 2015. The Answer did not disclose the identity of Defendant Nurse Practitioner Jane Doe. See Docket #62.

In an attempt to obtain the identity of the Jane Doe

1

Defendant Mr. Banks made a good faith attempt to get the Medical Defendants to comply with Docket #33. See Banks Dec. at ¶4. The Medical Defendants responded through attorney Elmer and stated that Mr. Banks should see the Amended Answer that was filed. A review of the Docket does not reveal that the Medical Defendants filed an Amended Answer.

In order for the Court to obtain personal jurisdiction over the Jane Doe Defendnat and for Mr. Banks to engage her in Discovery he must amend his Complaint. Without this information he is being denied the ability to prosecute his claim effectively. Therefore, Mr. Banks has filed this Motion to Compel.

## LEGAL STANDARD

Under Rule 37(a) of the Federal Rules of Civil Procedure, if a party fails to cooperate in discovery requests the opposing party may make a motion for an order to compel. A motion for an order to compel is appropriate if an entity fails to answer Interrogatories submitted under Rule 33. See Rule 37(a)(3)(B)(iii). Further, a district court should generally help a pro se plaintiff discover the names of civil-rights defendants. See, e.g., Donald v. Cook Cnty Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

Sanctions may be imposed to punish a party's failure to respond to Interrogatories, even if the failure was not willful or in bad faith. See Fed. R. Civ. P. 37(d) advisory committee's note (1970); Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1031-32 (5th Cir. 1990); EEOC v. Sears, Roebuck & Co., 114 FRD 615, 626 (ND Ill 1987)(sanctions are appropriate once failure to

2

comply with discovery request has been established); Fautek v. Montgomery Ward & Co., 96 FRD 141, 145-46 (ND Ill. 1982); Telluride Management Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 466 (9th Cir. 1995).

Although no longer a prerequisite to Rule 37(d) sanctions, willfulness continues to play a role, along with various other factors, in determining the type and severity of sanctions to impose. See Fed. R. Civ. P. 37(d) advisory committee's note (1970); EEOC, supra, 114 FRD at 626 (degree of culpability is merely a factor for court's consideration in determining severity of sanctions); Fautek, supra, 96 FRD at 145-46 (degree of culpability is only one factor in determining severity of sanctions to be applied).

District Courts enjoy wide discretion in supervising discovery and deciding whether to impose sanctions for disobedience of its orders. Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012). Furthermore, Federal Rule of Civil Procedure 37 authorizes a district judge to prohibit a party from submitting evidence as a sanction for disobeying a discovery order or failing to participate. Fed. R. Civ. P. 37(b)(2)(A),(d)(3). Further, Rule 16 (f) approves the same sanctions against a party who "fails to appear at a scheduling or other pretrial conference" or "to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16 (f)(1)(A), (c).

## ARGUMENT

Civil litigants should reasonably expect that their adversaries will comply with the Rules of Civil Procedure. This is

3

especially true where teh ability to obtain the identity of a Jane Doe defendant holds up the ability of the Plaintiff to amend his complaint.

In the present case Mr. Banks has requested tah the identity and contact information of Defendant Jane Doe Nurse Practitioner. Not only has his good faith attempt to obtain this information been ignored, it was met with an untrue statement that the name has already been supplied in an "Amended Answer." It is clear that the Md Medical Defendants and their attorneys will not disclose the information that they possess unless the Court intervenes. Without this information Mr. Banks will be prejudiced because he will not be able to prosecute his claim against the Jane Doe Defendant. Further, w he will not be able to engage her in discovery.

Therefore, Mr. Banks respectfully requests that this Honorable Court issue an order compelling the Mdeical Defendants to comply with the deiscovery request in Docket #33.

Additionally, Mr. Banks respectfully requests that this Court santion the Medical Defendants and/or attorneys Sullivan and Elmer for failing to respond at all, or at least truthfully, to his request and good faith attempt to obtain the identity of the Jane Doe Defendant. Indeed, it is clear from attorney Elmer's letter to Mr. Banks (See Banks Dec. Exhibit 1) that the failure to disclose is willful. Therefore, Mr. Banks respectfully requests:

1) Money sanctions of $75.00; and
2) any other sanctions this Court deems appropriate.

4

Additionally, Mr. Banks requests that if the Medical Defendants continue to obstruct his ability to obtain this discovery that default judgment be entered against them Defendant Jane Doe Nurse Practitioner and that the Medical Defendants be required to take on the liability of that Defendant. "A litigants misconduct can justify default judgment, see National Hockey Club, Inc., 427 US 639 (1976)" Rivera v. Drake, 767 F.3d 685, 686 (7th Cir. 2014).

## CONCLUSION

For the forgoing reasons this Honorable Cour should issue an order compelling discovery and award sanctions.

Respectfully submitted this 09 day of November, 2015.

*/s/ Tarence A. Banks*
Tarence Banks #352265
Wisconsin Secure Program Facility
P.O. Box 9900
Boscovel, WI 53805