IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    Plaintiff,

v.                               Case No. 14-CV-0381

**NURSE LESLIE ET AL,**

    Defendants.

**MEDICAL DEFENDANTS' BRIEF IN RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL / MOTION FOR SANCTIONS**

NOW COME the Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Brief in opposition to the Plaintiff's Motion to Compel / Motion for Sanctions.

### Factual Background

This case is a 42 USC § 1983 civil rights claim filed by former Racine County Jail inmate Tarence Banks. Banks alleges that he was mistreated during his time at the jail. His allegations against the medical Defendants are that they were deliberately indifferent to his serious medical need relating to care and treatment after he underwent an amputation of one of his arms.

On November 9, 2015, Banks filed a Motion entitled "Motion to Compel and for Sanctions" (Doc. 84) relating to the identification of a Defendant he identified in his Complaint as Nurse Practitioner Jane Doe.

## ARGUMENT

### I. Banks' Motion should be denied because it is moot.

On November 6, three days before Banks filed his Motion to Compel, the Medical Defendants filed an Amended Answer (Doc. 81) identifying each of the medical Defendants by his or her full name, including Nurse Practitioner Mahita Gone, who was originally named by Banks as Nurse Practitioner Jane Doe. Therefore, Banks now has the information he seeks and his motion should be denied as it is moot.

### II. Banks' Motion should be denied because it is without merit.

Despite filing this Motion to Compel, Banks never actually made a discovery request to the medical Defendants for the identity of Nurse Practitioner Jane Doe. Banks did send a letter to Attorney Sullivan, dated October 18, that states in part that "I looked through my files and I could not find anything that indicated that I had made a good faith attempt to obtain the identity of this Jane Doe." (Doc. 74.) To date, Banks has made no discovery request to the medical Defendants regarding the identity of the Jane Doe Nurse Practitioner. Thus, no request exists to which a response could be compelled or sanctions imposed for failing to answer.

Banks references a December 18, 2014 discovery request made to the county Defendants (Doc. 33) requesting identifying information. However, this request was made six months before the medical Defendants even became aware of the lawsuit and answered the Complaint. (Id.) Of course, the medical Defendants need not respond to discovery requests made to other parties, as "Interrogatories must be answered. . . by the party to whom they are directed. . ." F. R. Civ. P. 33(b)(1)(A). In sum, Banks' motion not only puts the cart before the horse – there is no horse at all.

## CONCLUSION

For the above stated reasons, Banks' motion should be denied.

Dated this 13th day of November 2015.

                                        SIESENNOP & SULLIVAN
                                        Attorneys for Defendants Nurse Mehring, Nurse Bill,
                                        Nurse Leslie, and Nurse Practitioner Jane Doe

                                        By: *s/ Steven T. Elmer*

                                            W. Patrick Sullivan
                                            State Bar Number: 1006235
                                            Steven T. Elmer
                                            State Bar Number: 1088018

PO ADDRESS:
111 W. Pleasant St., Suite 110
Milwaukee, WI 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199
psullivan@s-s-law.com
selmer@s-s-law.com