# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    Plaintiff,

v.                                  Case No. 14-CV-0381

**NURSE LESLIE ET AL,**

    Defendants.

## MEDICAL DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
## FOR A PROTECTIVE ORDER

NOW COME the Medical Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Brief in Support of their Motion for a Protective Order under Fed. R. Civ. P. 26.

## FACTUAL BACKGROUND

This case is a 42 USC § 1983 civil rights claim filed by former Racine County Jail inmate Tarence Banks. Banks alleges that he was mistreated during his time at the jail. His allegations against the medical Defendants are that they were deliberately indifferent to his serious medical need relating to care and treatment after he underwent an amputation of one of his arms.

Between October 26 and November 13, Banks propounded, via ECF, six separate sets of written discovery to the medical Defendants; two to William Coe, and four to Leslie Patton. Generally, these sets of discovery consist primarily of Requests for Admission, with an accompanying interrogatory requesting explanation and identification of documents and witnesses regarding each and every denial. Banks' discovery to the medical Defendants is as follows, listed chronologically:

1. **First Requests to Nurse Bill** – comprising eight Requests for Admission and one Interrogatory (Doc. 76 [RFAs] and Doc. 76-1 [Interrogatory]).

2. **First Requests to Nurse Leslie –** comprising eighty-eight Requests for Admission and one Interrogatory.
(Doc. 76-4 [RFAs] and 76-5 [Interrogatory]).

3. **Second Requests for Admission to Nurse Leslie** – comprising seventeen Requests for Admission and one Interrogatory.
(Doc. 80 [RFAs] and 80-1 [Interrogatory])

4. **Third Requests to Nurse Leslie** – comprising seven Requests for Admission and one Interrogatory.
(Doc. 83-3 [RFAs] and 83-4 [Interrogatory])

5. **Fourth Requests to Nurse Leslie** – comprising fifteen Requests for Admission, one Interrogatory, and one Request for Production of Documents.
(Doc. 87 [RFAs] and 87-1 [Interrogatory and RFP])

6. **Second Requests to Nurse Bill** – comprising one Request for Admission, one Interrogatory, and two Requests for Production.
(Doc. 92 [RFA], 92-1 [Interrogatory and RFPs]).

All told, Banks has propounded 136 Requests for Admission to two of the Medical Defendants, 127 of them being directed to Nurse Leslie Patton. Accompanying these requests are interrogatories which request detailed information about each and every denial along with several Requests for Production. Finally, Banks attached over 100 pages of records as Exhibits to the discovery requests.

The Medical Defendants have complied with Fed. R. Civ. P. 26's meet and confer requirement; on November 11 they sent Banks a meet and confer letter regarding his excessive discovery requests. (Elmer Declaration, Exhibit 1.) They offered to respond to 35 Requests for Admission of his choice. (Id.) Banks refused in a response letter. (Elmer Declaration, Exhibit 2.) The Medical Defendants then responded to the first 35 requests they received and have objected to the remainder, subject to this Motion.

**ARGUMENT**

I. **The Medical Defendants Should be Granted a Protective Order Because Banks' Voluminous Discovery Requests Constitute an Undue Burden and Expense.**

Fed. R. Civ. P. 26 permits discovery "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." [I]involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery." (Advisory Committee note to the 2000 Amendment of Fed. R. Civ. P. 26). Moreover, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton,* 523 US 574, 598 (1998). The Supreme Court has placed a special emphasis on the need for the Court to place reasonable limits on discovery in inmate litigation cases, stating that "[the District Court] *must* exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Id.,* (emphasis added).

This matter is a relatively straightforward § 1983 *pro se* inmate litigation case. Banks' allegations against the Medical Defendants are that they were deliberately indifferent in treating his amputation wound, leading to infection. This is not the type of case such as class action, products liability, or patent infringement; that would warrant over a hundred requests for admission. The undue burden of Banks' requests is magnified because he directed almost all of them – 127 out of 138 – to a single person, Nurse Leslie Patton. The Medical Defendants made a reasonable effort to reach a compromise with Banks, proposing to answer 35 RFAs of his choice (Elmer Declaration, Exhibit 1.) Banks declined.

It should also be noted that the maximum number of interrogatories a party can propound without leave of the Court is 25. Fed. R. Civ. P. 33(a)(1). This limitation can also be used as a guide to the reasonable number of requests to admit in a typical civil case (much less a *pro se* inmate case). By this standard, 136 requests is not only excessive, it is egregiously so.

The Medical Defendants responded to the first 35 of Banks' Requests. The Court should grant a protective order relieving them from the undue burden of responding to Banks' remaining 102 Requests and the associated interrogatories. The Medical Defendants will still respond to Banks' two outstanding requests for production, which requesting job descriptions and disciplinary history of the Medical Defendants.

## CONCLUSION

For the above stated reasons, the Court should grant a protective order relieving the medical Defendants of the duty to respond further to any of Banks' Requests for Admission.

Dated this 25th day of November 2015.

        SIESENNOP & SULLIVAN
        Attorneys for Defendants Nurse Mehring, Nurse Bill,
        Nurse Leslie, and Nurse Practitioner Jane Doe

        By: *s/ Steven T. Elmer*

          W. Patrick Sullivan
          State Bar Number: 1006235
          Steven T. Elmer
          State Bar Number: 1088018

PO ADDRESS:
111 W. Pleasant St., Suite 110
Milwaukee, WI 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199
psullivan@s-s-law.com
selmer@s-s-law.com