UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TERENCE BANKS**,

        Plaintiff,

v.                             **Case No. 14-cv-381-pp**

**LESLIE PATTON, et al.**,

        Defendants.

**DECISION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS (DKT. NO. 84), DENYING THE
PLAINTIFF'S MOTION TO WITHDRAW HIS MOTION TO COMPEL AS MOOT
(DKT. NO. 93), DENYING THE DEFENDANTS' MOTION TO WITHDRAW ECF
SUBMISSIONS (DKT. NO. 88), AND SETTING A DEADLINE FOR
DEFENDANTS TO INDICATE WHETHER THEY AGREE TO PARTICIPATE IN
MEDIATION**

I.    *The Plaintiff's Motion to Compel*

On November 9, 2015, plaintiff Terence Banks filed a motion to compel discovery (seeking the full name of defendant Jane Doe), and asking the court to impose sanctions. Dkt. No. 84. In his motion, the plaintiff outlined his attempts to obtain information about Jane Doe's identity, and explained that, in a final good faith attempt to obtain this information, he had written a letter to Jane Doe's counsel, informing him that if he did not provide the plaintiff with the requested information, the plaintiff would enlist the assistance of the court. See Dkt. No. 74. On October 26, Jane Doe's counsel sent the plaintiff a letter stating, "Please see the amended Answer filed by these defendants." Dkt. No. 86-1. At that time, however, the defendants had not filed an amended

1

answer; they did not amend their answer until November 6, 2015. See Dkt. No. 81.

It is unclear to the court (just as it was unclear to the plaintiff) why Jane Doe's counsel did not simply tell the plaintiff, in the October 26 letter, Jane Doe's real name, given that he was taking the time to respond. It is also unclear to the court why Jane Doe's counsel directed the plaintiff to look at a pleading that had not yet been filed. As noted above, Jane Doe's counsel did not file the amended complaint until November 6, 2015 (Dkt. No. 81), more than a week after his letter to the plaintiff, and, according to the certificate of service, he did not mail the amended answer to the plaintiff until November 9, 2015. Dkt. No. 82. In fact, according to the plaintiff, as of November 17, 2015, he still had not received a copy of the amended complaint. Dkt. No. 93. This chain of events appears to constitute an effort to frustrate the *pro se* plaintiff's legitimate attempts to obtain this basic and important information.

In any event, the plaintiff acknowledges in his November 18 motion to withdraw the motion to compel that he now has the information he sought. See Dkt. No. 93. Thus, the plaintiff's motion to compel is moot.[1] Nonetheless, the court reminds the parties—particularly, in light of the above, the defendants— that they should strive to work with one another in good faith during the remainder of the discovery process, as the federal rules, and this court's rules,

---

[1] On November 18, 2015, the plaintiff filed a motion to withdraw his motion to compel. Dkt. No. 93. To maintain the integrity of the docket, the court does not allow parties to withdraw or strike filings. The court denies the plaintiff's motion to withdraw.

require. If the plaintiff believes he needs additional time to conduct discovery, he may request an appropriate extension, and the court will consider it.

II.     *The Defendants' Motion to Withdraw ECF Submissions*

On November 11, 2015, the defendants filed a motion asking the court to withdraw certain items from the court docket. Dkt. No. 88. The documents, all filed by the plaintiff, consist of the plaintiff's discovery demands and responses, with numerous attachments. Dkt. Nos. 75, 76, 78, 79, 80, 83 and 87.

In support of their motion to withdraw these documents, the defendants first point out that the plaintiff is ignoring the court's October 15, 2015 order stating that parties should not file discovery demands or responses with the court. Dkt. No. 73. In that order, the court stated that the "parties should serve discovery on the opposing parties, and must not file them with the court." Id. In his response to the defendants' motion, the plaintiff explains that he misunderstood the court's order to mean that, while he was not to direct discovery *to* the court, he could still file discovery *with* the court, as long as it was directed to the defendants. Dkt. No. 94. He explains that he made an honest mistake. Id. The plaintiff's explanation is credible, and the court trusts that he will not run afoul of this instruction in the future.

The defendants also express concern that many of the contested documents previously had been marked confidential by the defendants when they produced them to the plaintiff. The defendants argue that by filing the documents on the public docket, the plaintiff was violating the terms of the

3

protective order that this court entered on February 18, 2015 (Dkt. No. 44 and February 18, 2015 text order).

Although it is not clear to the court which of the many filed documents the defendants believe are covered by the protective order (the defendants do not clarify if it is two, ten, or fifty documents), the court's local rules provide that before any party makes a "confidential" document available to the public, that party must either file a motion asking the court to seal the document (and stating cause for doing so), or object to the designation of the materials as confidential. <u>See</u> General Local Rule 79(d). When the plaintiff files something with the court, the clerk's office places the document on the public docket for anyone to see. Making documents covered by a protective order available for the public to see violates the terms of the protective order.

The court understands that the defendants have asked the court to "withdraw" the identified documents from the electronic docket. The court is aware that General Local Rule 79(c) states that no person may "withdraw" items "belonging in the file of an action" without an order from the court. It is not clear to the undersigned, however, that this rule applies in the current situation. This rule has not been modified in some time; the court suspects that it harkens back to the days before the electronic docket, when people filed pieces of paper, which the clerk's office placed in manila file folders. It is not clear how one may "withdraw" something from an electronic docket.

Regardless of whether Rule 79(c) is meant to cover this situation, another solution to this problem is for parties to ask the court to restrict confidential

documents from public viewing. If, for example, a party needs to file a confidential document to support a particular motion, the party may ask the court to restrict that document from public viewing. That way, the parties (in particular, the defendants, who have access to the docket electronically) may still see the documents, but people who are not part of the case cannot see them.

The court has asked the clerk's office to restrict access to the documents in docket entries 75, 76, 78, 79, 80, 83 and 87 to the court and the parties. This restriction is broader than necessary, because not all of the documents in those entries are covered by the protective order. Because the court has not relied on these documents in reaching any decisions, however, public access to them is not necessary at this time. See Baxter Intern., Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002) (noting that openness in judicial proceedings need apply only to those documents that influence or underpin judicial decisions). The court advises the parties to limit future requests to restrict access only to those particular documents covered by the protective order.

III.  *The Plaintiff's Request for Mediation*

On October 27, 2015, the plaintiff filed a letter with the court indicating that he believes the parties might be able to reach a settlement or considerably narrow the issues if they had the assistance of a mediator. Dkt. No. 77. He requested that, if the defendants agree, the court provide a mediator. To the court's knowledge, the defendants have not responded to the plaintiff's letter.

When parties agree that mediation may resolve their case, the presiding judge will refer the case to a magistrate judge for the limited purpose of conducting the mediation. The magistrate judge is selected at random (there are six magistrate judges in this district), and will report back to the presiding judge only the outcome of the mediation. The magistrate judge does not share with the presiding judge anything the parties said during the mediation, or any offers that either party made; the magistrate tells the presiding judge only that the parties resolved the case, or that they did not.

The court will not order the defendants to agree to mediation. The court will, however, set a deadline for the defendants to notify the court about whether they are willing to participate in magistrate-facilitated mediation. The court will require the defendants to notify the court (and the defendant) of their willingness by January 14, 2016.

IV. Conclusion

The court **ORDERS** that the plaintiff's motion to compel and for sanctions (Dkt. No. 84) is **DENIED** as moot.

The court further **ORDERS** that the plaintiff's motion to withdraw his motion to compel (Dkt. No. 93) is **DENIED AS UNNECESSARY**.

The court further **ORDERS** that the defendants' motion to withdraw certain ECF submissions (Dkt. No. 88) is **DENIED**. The clerk's office has restricted access to these submissions to the court and the parties.

The court **ORDERS** that, by the end of the day on **January 14, 2016**, the defendants notify the court whether they are willing to have the court refer the case to a magistrate judge for the limited purpose of mediation.

Dated in Milwaukee, Wisconsin this 1st day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge