IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARENCE BANKS,

    Plaintiff,

v.                                          Case No. 14-CV-0381

NURSE LESLIE ET AL,

    Defendants.

## MEDICAL DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

NOW COME the Medical Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Brief in Support of their Motion to Compel Discovery.

### INTRODUCTION AND FACTUAL BACKGROUND

This case is a 42 USC § 1983 civil rights claim filed by former Racine County Jail inmate Tarence Banks. In pertinent part, Banks alleges the Medical Defendants mistreated his amputation wound when he arrived at the jail in late 2013 into 2014, causing it to become infected, and causing him to experience a rash. (See generally Complaint, Doc. 1).

On November 10, 2015, the Medical Defendants sent Banks a set of 15 Interrogatories and 8 Requests for Production of Documents. (Elmer Declaration, ¶ 3, Exhibit 1.) On November 26, Banks provided responses, essentially objecting to every request and refusing to provide any responsive information. (Elmer Declaration, ¶ 4, Exhibit 2.) The Medical Defendants sent Banks a meet and confer letter, detailing his responses' deficiencies and giving him until Wednesday, December 9 to supplement his responses. (Elmer Declaration, ¶ 5, Exhibit 3.) Banks responded

to the meet and confer letter (Elmer Declaration, ¶ 6, Exhibit 4), refusing to provide any additional information or to supplement his responses.

## ARGUMENT

The Federal Rules of Civil Procedure contemplate broad discovery, permitting discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *U.S. v. Farley*, 11 F.3d 1385 (7th Cir. 1993) citing Fed. R. Civ. P. 26(b)(1).

### I. Interrogatories and Requests Related to Banks' Medical Records

Before his arrival at the jail, Banks' arm was amputated and he was treated post-operatively at Froedtert Hospital. (Complaint, Doc. 1, p. 6). Banks' allegations against the Medical Defendants are that they were deliberately indifferent to his medical needs, and one of Banks' main claims is that the Medical Defendants ignored orders from "an outside Medical Doctor." (Complaint, Doc. 1, p. 9). The Medical Defendants are entitled to investigate that claim. They are also entitled to investigate the details of the alleged infection, its potential origins, and what treatment, if any, he received for it from outside providers. Those are only some of ways in which Banks' medical records are relevant to his claims. Accordingly, the Medical Defendants sent interrogatories to Banks asking him to identify his treating medical providers and provide a release that would allow them to obtain his medical records.

First, Banks objected to the requests relating to the identification of his healthcare providers and provision of a records release on the grounds that they request "privileged medical information." That is not a valid objection. A Plaintiff cannot put his medical condition at issue in a lawsuit and then refuse to allow access to his medical records. See Wis. Stat. § 905.04(4)(c), which states that "There is no privilege under this section as to communications relevant to or within

the scope of discovery examination of an issue of the physical, mental or emotional condition of a patient in any proceedings in which the patient relies upon the condition as an element of the patient's claim or defense[.]" This is a bedrock principle of tort law that has been adopted by the Federal Courts. See e.g. *Schofstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000). ("Further, [Plaintiff's] claims . . . placed her medical condition at issue, making the information sought by the [Defendant] relevant, and absent a showing of bad faith, discoverable.")

Banks' second objection, that his medical records are not relevant to his claims, is absurd, given his allegation that the Medical Defendants ignored orders from outside providers. (See Complaint, Doc. 1, p. 10). Banks should be ordered to respond to the interrogatories asking him to identify his healthcare providers and to the request for production asking him to sign the attached records release.

## II. Other Requests

Second, to requests asking Banks to describe his allegations against the individual Medical Defendants, he replied only that "this information was provided in complaints sent to the jail's staff and is already available in Mr. Banks' Complaint." "See Complaint" is not an acceptable discovery response because it does not constitute an "answer[]. . . fully in writing and under oath." Fed. R. Civ. P. 33(b)(3); see also *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1178 (7th Cir. 1987). (Interrogatory answer stating "See Plaintiff's Complaint" deemed incomplete and evasive by the 7th Circuit).

The District Court for the Western District of New York explained why a mere referral to a pleading is an insufficient answer to a discovery request. "[It is not] permissible to refuse to provide answers to interrogatories served pursuant to Rule 33(a) or documents in response to a request, pursuant to Rule 34, on the ground that information sought can be gleaned from the

Page 3 of 5
Case 2:14-cv-00381-PP   Filed 12/14/15   Page 3 of 5   Document 111

requested party's pleading. . . answers to interrogatories served pursuant to Fed. R. Civ. P. 33(a) must be in a form suitable for use at trial, it is insufficient to answer by merely referencing allegations of a pleading." *Davidson v. Goord,* 215 F.R.D. 73, 2003 U.S. Dist. LEXIS 7252 (Internal citations omitted.)

Finally, to many of the document requests, Banks states "All documents relevant to this request are already in the possession of the Defendants." Again, this is not a responsive answer as required by Fed. R. Civ. P. 34(b)(2)(B) and (C). It does not describe what documents are being referred to, which are being withheld, or even what documents exist. Moreover, the Medical Defendants have not conducted any previous discovery with Banks, so he could not possibly know whether they are in possession of "all documents relevant to this request."

## CONCLUSION

In conclusion, Banks' discovery responses are evasive and non-responsive. Banks essentially produced no information whatsoever in response to the Medical Defendants' requests. He should be required to furnish responsive answers and documents by a date certain. The Court should also extend the deadline for dispositive motions to take into account the extra time, necessitated by Banks' refusal to engage in discovery, needed to obtain and review Banks' discovery responses and medical records.

Respectfully submitted this 14th day of December 2015.

                                        SIESENNOP & SULLIVAN
                                        Attorneys for Defendants,
                                        Leslie Patton, William Coe, Dana Mehring,
                                        and Mahita Gone

                                        *s/ Steven T. Elmer*
                                        W. Patrick Sullivan
                                        State Bar No. 1006235
                                        Steven T. Elmer
                                        State Bar No. 1088018

PO ADDRESS
111 W. Pleasant St., Suite 110
Milwaukee, WI 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199
Email: psullivan@s-s-law.com
Email: selmer@s-s-law.com