TARENCE BANKS,
    Plaintiff,

v.                                              Case No.: 14-cv-381

NURSE LESLIE, et al.,
    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE TEH SUFFICIENCY OF ANSWERS OR OBJECTIONS TO ADMISSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(a)(6)

COMES NOW the Plaintiff, Tarence Banks, pro se, and presents to this Honorable Court his Memorandum in Support of his Motion to Determine teh Sufficiency of Answers or Objections to Admissions Pursuant to Federal Rule of Civil Procedure 36(a)(6).

### INTRODUCTION

This is a civil rights suit brought by Mr. Banks against two Mr. Banks' claims against the Defendants focus on violations of his constitutional rights related to conditions of confinement as a pretrial detainee and violations of his rights under the Rehabilitation Act/Americans with Disabilities Act.

In an attempt to sharpen and clearify the issues for trial Mr. Banks engaged the Defendants in discovery using Federal Rule of Civil Procedure (Rule) 36 admissions. This motion focuses on the answers to requests for admission by the Defendants known as the "Jail Defendants." The Jail Defendants include Defendants Schmaling, Wearing, Barker, Friend, Gonzales, Moran, Koldeway, Noonan, and Evans.

On October 22, 2015 Mr. Banks subitted Rule 36 requests for admission to Defendants Barker, Evans, Friend, Gonzales, Koldeway,

1

Moran, Noonan, Schmaling, and Wearing. See Docket #75; Plaintiff's Declaration in Support of this Motion ("Banks Dec") at ¶2. On November 23, 2015 the Defendants responded to Docket #75. See Banks Dec, Exhibits 1 through 9 signature pages. These responses were made 31 days after the date of the requests. Defendant Schmaling made the following responses to Dockt #75, #14:

> REQUEST 7: On 12/8/13 I submitted an Inmate Request/ Complaint, which was directed to you.
>
> RESPONSE No. 7: Deny. There is no documentation in the Plaintiff's jail file to support this.

Banks Dec, Exhibit 1, page 2.

Defendant Wearing made the following responses to Docket #75, #17:

> REQUEST 5: I was housed in a holding cell from 11/12/13 to about 11/16/13.
>
> RESPONSE NO. 5: Defendant objects to Request No.5 on the basis that it is vague and ambiguous as to the term "holding cell." Subject to and without waiving any objections, deny. See BANKS 000274-275 for cell assignment history.
>
> REQUEST 6: The dimensions of the holding cell are about 5' by 7'.
>
> RESPONSE NO. 6: Defendant objects to Request No.6 on the basis that it is vague and ambiguous as to the term "holding cell." Subject to and without waiving any objections, despite reasonable inquiry and the information known and readily obtained, Defendant does not have sufficient information with which to admit or deny and therefore denies same.
>
> REQUEST 7: The holding cell had a toilet and a bunk as its only furnishings.
>
> RESPONSE NO. 7: Defendant objects to Request No. 7 on the basis that it is vague and ambiguous as to the term "holding cell." Subject to and without waiving any objections, despite reasonable inquiry and the informaiton known and readily obtained, Defendant does not have sufficient information with which to admit or deny and therefore denies same.

> REQUEST 8: There was an "emergency call button" in the holding cell.
>
> RESPONSE NO. 8: Defendant objects to Request No. 8 on the basis that it is vague and ambiguous as to the term "holding cell." Subject to and without waiving any objections, admit.

Banks Dec, Exhibit 2, page 2. As can be seen, Defendant Wearing denied knowledge of the cell in question in his responses to requests 5, 6, and 7. However, he was very much aware of other information about the cell in question in his response to request number 8. This occurred again with request number 10:

> REQUEST 10: There were no hand rails in the holding cell to aid in getting into and out of bed or to aid in the use of the toilet.
>
> RESPONSE NO. 10: Defendant objects to Request No. 10 on the basis that it is vague and ambiguous as to the term "holding cell." Subject to and without waiving any objections, despite reasonable inquiry and the informaiton known and readily obtained, Defendant does not have sufficient information with which to admit or deny and therefore denied same.

Banks Dec, Exhibit 2, page 2. Defendant Wearing's responses continue as follows:

> REQUEST 12: The intake area shower described in No. 11 above did not have a bench.
>
> RESPONSE NO. 12: Defendant objects to Request No. 12 on the basis that it is vague and ambiguous as to the term "bench." Subject to and without waiving any objections, Plaintiff was provided a shower chair for use in the intake shower. See, for example, BANKS 000547.
>
> REQUEST 13: While I was housed in intake I was not allowed to use the shower.
>
> RESPONSE NO. 13: Deny. Inmates who remain in intake for an extended period of time, or who arrive to Racine County Jail in a dirty or unhygienic manner are provided a shower while in intake. Upon classification, all inmates are showered prior to being moved to their cell assignment.

Banks Dec, Exhibit 2, page 3. As can be seen, Defendant Wearing never actually addressed what Mr. Banks asked in these responses.

Defendant Wearing continued his responses as follows:

> REQUEST 14: I was not given a handbook or other literature when admitted to RCJ that explained the grievance policy or procedure.
>
> RESPONSE NO. 14: Deny. At all times, all inmates had access to the Racine County Jail Handbook. The Racine County Jail Handbook was posted on the dayroom walls for all inmates to review. Upon a change of policy in late 2014, the handbook was removed from the dayroom walls and all inmates were provided a physical copy.

Banks Dec, Exhibit 2, pages 3 to 4. Again, Defendant Wearing did not address the specific language in teh Rule 36 Admission.

Defendant Wearing's responses continue as follows:

> REQUEST 53: On 1/13/14 I directed a complaint to you about being woke up to take showers and asked you to do something about it.
>
> RESPONSE NO. 53: Deny. There is no documentation in the Plaintiff's jail file to support this.

Banks Dec, Exhibit 2, page 11. Here Defendant Wearing avoided the the substance of the admission by claiming that there was no evidence to support the request. This is identicle to Defendant Schmaling's response noted above. Finally, Defendant Wearing responded to the following admission:

> REQUEST 61: At the time that you responded to the complaints in Exhibit 8, page 1, you were aware that I had difficulty walking and standing for long periods of time due to my recovery from my various wounds.
>
> RESPONSE NO. 61: Defendant objects to Request No. 61 on the basis that it is vague and ambiguous as to the term "difficulty." Subject to and without waiving any objections, Defendant admits he knew Plaintiff had his arm removed and had related medical procedures, but denies he had "difficulty walking and standing." Defendant affirmatively states that during Plaintiffs period of incarceration, it was determined by medical personnel that the Plaintiff did not need the assistance of a wheelchair.

Banks Dec, Exhibit 2, page 13.

Defendant Friend made the following responses to Docket #75, #4:

> REQUEST 5: On 12/7/13 I submitted an Inmate Request/ Complaint which I directed to you.
>
> RESPONSE NO. 5: Deny. There is no documentation in the Plaintiff's jail file to support this.

Banks Dec, Exhibit 4, page 2. Defendant Friend made the same response to Requests 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, and 18. Banks Dec, Exhibit 4, pages 2 to 4. These responses do not address the substance of the request but instead state that there is no evidence to support an admission.

Defendant Gonzales did the same thing in her response to requests 2 and 3. See Banks Dec, Exhibit 5, page 1.

Likewise, Defendant Moran did the same thing in her response to requests 7 to 10. See Banks Dec, Exhibit 6, 2 to 3(pages).

On October 26, 2015 Mr. Banks subitted Rule 36 requests for admission to Defendant Ledezma. See Docket #76, #2; Banks Dec at ¶13. On November 25, 2015 Defendant Ledezma responded to Docket #76, #2. See Banks Dec. at ¶14 and Exhibit 10. Defendant Ledezma made the following response:

> REQUEST 15: I did not have an advocate present for the hearing.
>
> RESPONSE NO 15: Deny and affirmatively state that C/O Olk was assigned as your staff advocate for your 1/24/14 hearing

Banks Dec, Exhibit 10, pages 3 to 4. As can be seen, Defendant Ledezma qualified his denial by stating that a staff advocate had been assigned. However, this denial did not address whether the advocate was <u>present</u> at the hearing.

5

On October 27, 2015 Mr. Banks submitted Rule 36 requests for admission to Defendants Schmaling and Wearing. See Docket #78; Banks Dec at ¶15. Defendant Schmaling mde the following responses to Docket #78, #1:

> REQUEST 5: You were aware at all times relevant to this suit that use of the United States mail is a First Amendment right that cannot be curtailed without a legitimate State interest.
>
> RESPONSE NO.5: Admit that the question of whether a legitimate state interest exists is one of several factors which are applied to determine whether restrictions on an inmate's mail are violative of the inmate's First Amendment rights. However, affirmativley allege that this is not the only factor and that other factors must also be examined.
>
> REQUEST 8: You were aware at all times relevant to this suit that inmates placed in Disciplinary Segregation were not allowed to send outgoing mail to anyone, with the exception of legal mail.
>
> RESPONSE NO.8: Deny. See BANKS 000596-97.
>
> REQUEST 9: You were aware that access to print media such as newspapers and/or books is protected under teh First Amendment and cannot be absolutely and entirely censored absent a legitimate State interest.
>
> RESPONSE NO.9: Deny. See Response to Request No.5.

Banks Dec, Exhibit 11, pages 2 to 3. As is evident, Defendant Schmalinging's response to request 8 does not base his denial on his actual knowledge, but on documents. This wsa not the scope of the request. Also, looking at Defendant Schmalinging's response to request 9, it is clear that he response is a denial, however, the denial is based on an admission. See response to Request 5.

Defendant Wearing's response to Docket #78,#3 is as follows:

> REQUEST 5: At all times relevant to this suit you were aware that persons placed in Disciplinary Segregation would lose the ability to send and recieve mail to friends and family and to access all printed materils with the exception of a bible.

6

> RESPONSE NO.5: Deny. See BANKS 000596-97.
>
> REQUEST 9: You were aware at all times relevant to this suit that persons in Disciplinary Segregation were being deprived of certain preferred First Amendment rights, including but not limited to use of the mail and/or printed materials.
>
> RESPONSE NO.9: Defendant objects to Request No.9 on the basis it applies facts for which no foundation exists to improper legal conclusions. Subject to and without waiving any objections, deny. See BANKS 000596-97.

Banks Dec, Exhibit 12, pages 2 to 3. Here Defendant Wearing has based his denial on the existance of documents and their contents. These qualified denials do not constitute a denial of his knowledge.

On October 28, 2015 Mr. Banks submitted Rule 36 requests for admission to Defendant Noonan. See Docket #79, #6; Banks Dec at ¶ 18. On November 25, 2015 Defendant Noonan responded to Docket #79, #6. See Banks Dec at ¶19 and Exhibit 13.

Defendant Noonan made the following responses to Deocket #79, #6:

> REQUEST 3: You were aware on 2/9/14 that removing the mattress from the cell would deprive me of any medical orders taht allowed me access to a mattress.
>
> RESPONSE NO. 3: Deny and affirmatively stated that Defendant Noonan did not remove the Plaintiff's mattress when moving him to disciplinary segregation on 2/9/14. See BANKS 000171.

Banks Dec, Exhibit 13, page 2. This denial is not aimed at the specific language in the request. Instead of focusing on knowledge of a medical order, or on deprivation if an order existed Defendant Noonan stated that he did not remove the mattress. This avoids the plain language of the request. Defendant Noonan went on to respond as follows:

> REQUEST 10: On 2/9/14 you were aware that persons in
> DisciplinarySegregation were being forced to give up their
> right to use the United States mail.
>
> RESPONSE NO. 10: Defendant objects to Request No. 10 on the
> basis it applies facts for which no foundation exists to
> improper legal conclusions. Subject to and without waiving
> any objections, deny. See BANKS 000558-559 and 000566.

Banks Dec, Exhibit 13, page 3. The objection here ignores that Defendant Noonan admitted that he would have seized all of Mr. Banks envelopes in his response to request 17. See Banks Dec, Exhibit 13, page 14. It also relys on documents to qualify the denail.

## LEGAL STANDARD

The purpose of requests to admit is to narrow the issues in dispute so parties, and the Court, can concentrate on the heart of the matter. See, e.g., Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 218 (D.D.C. 2001); Walter L. Harvey, Rules of Civil Procedure, § 4166 (1975). Requests to admit can be used, for example, to prove teh genuineness of documents or to admit an opinion of fact or the application of law to facts. See, e.g., Gluck, 204 F.R.D. at 218-19.

Requests to admit are ideally situated for summary judgment. Unlike depositions where a witness may fall back on a fading memory, a request to admit requires the answering party to provide details supporting its claimed inability to recall facts. Princess Pat, Ltd. v. National Carloading Corp., 223 F.2d 916, 920 (7th Cir. 1955).

"A request to admit is meant to test the knowledge of the party to which it is directed. An answering party cnnot deny a request to admit on the grounds that the requesting party cannot

8

prove the factual matter in teh request. Cf <u>Havenfield Corp. v. H & R Block, Inc.</u>, 67 F.R.D. 93, 97 (W.D. Mo 1973)(deeming requests for admission admitted when responding party's answers were evasive and focused on teh accuracy of the requests rather then on the truth of hte matters set forth therein)." <u>Fazal v. Advanced Tabco</u>, 2010 US Dist LEXIS 112812 (ED Wis. 2010).

Federal Rule of Civil Procedure (Rule) 36(a)(4) Answer, states in relevant part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Equivocal, evasive, or incomplete answers do not comply with the requirements of this rule, <u>United States v. Jefferson Trust & Sav. BAnk</u>, 31 F.R.D. 137 (SD Ill 1962). Such answers will be treated as a failure to answer, and the request may be deemed admitted. Rule 36(a); <u>Southern Ry. v. Crosby</u>, 201 F.2d 878, 880 (4th Cir. 1953). This is because unanswered requests for admission render the matter requested conclusively established for the purposes of that suit. <u>Luick v. Graybar Electric Co.</u>, 473 F.2d 1360 (8th Cir. 1973). Similarly, quibbling with wording of a request instead of addressing its meaning or intent will result in the request being deemed admitted. See, e.g., <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir. 1994); <u>Crosby</u>, 201 F.2d at 880 (denying "accuracy of a statement" or refusing to admit did not deny truth of statement was equivalent to admission).

9

A party cannot entirely deny a request where only one part of the request is alleged to be untrue. See, e.g., Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1015 (2nd Cir. 1988). A party cannot refuse or avoid answering based on a lack of information unless reasonable effort to ascertain the answer has been made and shown. See, e.g., Brown v. Arlen Mgmt., 663 F.2d 575, 580 (5th Cir. 1981); Hay & Forage Indus. v. Ford New Holland, Inc., 132 F.R.D. 687, 794 (D. Kan. 1990)("Rule 36 requires a detailed explanation for the inability of the respondent to admit or deny a request."). A party cannot serve both objections and answers to the same qustion; it must choose one or the other. See, e.g., Poole v. Textron, Inc., 192 F.R.D. 494, 499 (D. Md. 2000).

Courts are skeptical of "hypertechnical semantic gymnastics." Michael A.P. v. Sostrud, 178 Wis. 2d 137, 150 (Ct. App. 1993). The respondent cannot "us[e] denials to obscure and complicate the issues and to mislead." Id., at 156. Federal courts are encouraged to take an active role in preventing "disingenuous, hair splitting distinctions" and denials that seek to avoid the essential truth of the request. See, e.g., Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988); Havenfield, 67 F.R.D. at 97. Thus, where an answer is found evasive or incomplete, a Court is entirely within its power to deem the request admitted. Id.

Rule 36(a)(6), Motion Regarding the Sufficiency of an Answer or Objection, states:

> The requesting pary may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with the rule, the

10

court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decisionuntil a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Under Rule 36(a)(6) if a party believes that a response is insufficient or that an objection is improper, the party can move the court to determine the sufficiency of the answer or objection. Practorian Ins. Co. v. Site Inspection, LLC, 604 F.3d 509 (8th Cir. 2010); Harris v. Koenig, 271 F.R.D. 356, 372-73 (D.D.C. 2010). "Insufficient" refers to the specificity of the response, not whether the response is correct or in good faith, Foretich v. Chung, 151 F.R.D. 3 (D.D.C. 1993). The burden is on the party raising the objection to show that the objection was proper. Moses v. Halsted, 236 F.R.D. 667, 680 (D. Kan. 2006). If the court determines that the answer was insufficient, it can deem the answer an admission or can order a more complete answer. Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 363 (D. Md. 2012); Harris, 271 F.R.D. at 373.

Rule 36(a)(3), Time to Respond; Effect of Not Responding states:

> A matter is admitted unless, within 30 days after being served, teh party to whom the request is directed serves on the requesting pary a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

"[A]s the literal terms of this rule provide, a party who does not file a timely response to a request for admissions effectively admits teh matters contained in teh request, and these matters are conclusively established." EEOC v. Baby Products Co., 89 F.R.D. 129, 130 (ED Mich 1981); Hulsey v. Texas, 929 F.2d 168,

171 (5th Cir. 1991)("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."); Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 607 (7th Cir. 2008).

The Seventh Circuit has asserted that a party who does not respond to requests for admission within thirty (30) days is deemed to have admitted those requests. McCann v. Mangialarde, 337 F.3d 782, 788 (7th Cir. 2003). While cognizant of the potential harshness of this outcome, the court has stated that strict adherence to the rules of procedure is critical to the disposition of the cases. United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987). Further, default admissions can serve as a factual basis for summary judgment. Id.

## ARGUMENT

### I. THE RESPONSES TO DOCKET #75 ARE UNTIMELY AND SHOULD BE DEEMED ADMITTED

The plain language of Rule 36(a)(3) clearly sets 30 days to admit. The nine requests for admission in Docket #75 were answered past teh 30 day time. Therefore, all of the requests for admission in Docket #75 should be deemed admitted.

### II. SOME OF THE RESPONSES TO DOCKET NUMBERS 75, 76, 78, AND 79 SHOULD BE DEEMED ADMITTED

The below argued responses to Mr. Banks' requests to admit violate virtually every provision of Rule 36. They evade, argue, answer a different question than the one asked and sometimes mistate facts. Based on the Defendants' clear and systematic attempts to evade even the most basic of requests Mr. Banks

12

respectfully requests that the Court deem teh following requests for admission admitted.

## A. Denials Based on a Lack of Evidence Are Not Denials.

Many of the jail Defendants' responses state "Deny. There is no documentation in the Plaintiff's jail file to support this." See supra at 2,4, and 5. Other denials are based on teh contents of certain documents. See supra at 2,3,6,7 and 8. These are not denials of the essential truth of the request.

The denials in these instances are premised on Mr. Banks' alleged inability to prove the essential truth of the admission. This is inappropriate. Fazel, supra, 2010 US Dist LEXIS 112812, at *5-*6. Indeed, the basis of these denials is clearly an evasive tactic meant to obscure and complicate the issues and to mislead. These requests for admission should be deemed admitted.

## B. Defendant Wearing's Responses Concerning the "Holding Cell" Should be Deemed Admitted.

Defendant Wearing's responses to Docket #75, #17, Requests 5, 6, 7, and 10 (supra at 2 to 3) engage in hair splitting distinctions. It is clear that Defendant Wearing knew the exact cell Mr. Banks was refering to. See Response to Request 8, supra at 3. Obviously Defendant Wearing knew enough about the cell in question to admit Request 8. Clearly, Defndant Wearing has not made a good faith effort to meet the substance of Requests 5, 6, 7, and 10. Instead, Defendant Wearing quibbles over the words "holding cell" in order to qualify his denial of the contents of the cell Mr. Banks was housed in from November 12, 2013 to about November 16, 2013. Suchhair splitting distinctions cannot be used to muddy the water in responding to admissions. These

13

requests should be deemed admitted.

## C. Defendant Wearing's Response concerning teh "bench" should Be Deemed Admitted.

Defendant Wearing's response to Docket #75, #17, Request 12 (supra at 3) also engages in a hair splitting distinction. Defendant Wearing objected to the term "bench" but then stated a chair was provided. The substance of the admission relies on the common usage of the word "bench," which is clearly distinct from the word "chair." Defendant Wearing clearly knew this and used the word chair in an attempt to evade the substance of the admission. This evasion through hair splitting should result in the request being deemed admitted.

## D. Defendant Wearing's Response to Docket #75, #17, Request 13 Should Be Deemed Admitted.

Mr. Banks' request 13 to Docket #75, #17 clearly stated "Whle I was housed in intake I was not allowed to use the shower." Defendant Wearing evaded the substance of the request by stating that "all inmates" are showered while in intake. Supra at 3. This was not the request. As a result, Defendant Wearing's response Should be deemed admitted.

## E. Defendant Wearing's Response to Docket #75, #17, Request 14 Should Be Deemed Admitted.

Mr. Banks' request 14 to Docket #75, #17 specifically states "I was not given a handbook or otehr literature when admitted to RCJ that explained the grievance policy or procedure." Supra at 4. Defendant Wearing's response is a qualified denial. The substance of the denial, however, reveals an admission. The denial states that "The Racine County Jail Handbook was posted on the dayroom walls for all inmates to review." Id. This is the

14

very essence of evasion.

The request is clear. Eitehr a physical copy of the habd-book was given to Mr. Banks or it wasm not. By stating that a copy was on the wall Defendant Wearing does not deny the request. Instead, he attempts to muddy the waters through the denial. This is actually an admission, not a denial. Indeed, Defendant Wearing's response goes on to state "Upon a change in policy in late 2014, the handbook was removed from dayroom walls and all inmates were provided a physical copy." Id. How this is relevant to the request or denial is unknown. What is certain is that the denial evades the substance of the request and teh denial actually amounts to an admission. Therefore, this response should be deemed an admission.

## F. Defendant Wearing's Response to Docket #75, #17, Request 61 Should Be Deemed Admitted.

Mr. Banks' Request 61 specifically requested that Defendant Wearing acknowledge his personal knowledge that Mr. Banks "had difficultly walking or standing <u>for long periods of time</u> ..." supra at 4 (emphasis aded). Defendant Wearing objected, denied, and qualified his answer. However, none of these responses amounts to an denieal of the essential truth and substance of the request.

The word "difficulty" is not so vague that a person could not understand its meaning in this context. However, Defendant Wearing's response, read in its entirety, clearly shows the response is evasive and even reveals the motive to evade. First, Defendant Wearing truncated the request by pointing to the

15

language "difficulty walking or standing" and leaving out the language "for long periods of time." The word "difficulty" read with ten entire phrase "walking or standing for long periods of time" speaks not to merely walking or standing but to doing these things over an extended period of time. Defendant Wearing's denial clearly does not speak to the essence of Mr. Banks' request.

Second, Defendant Wearing speaks only to Mr. Banks' arm wound. He makes no reference to Mr. Banks' leg wounds. This is an attempt to muddy the watters by focusing the narrative on different facts. However, Defendant Wearing does not deny having knowledge of Mr. Banks' leg wounds.

Third, Defendant Wearing brings up the irrellevant point "it was determined by medical personnel that the Plaintiff did not need the assistance of a wheelchair." How this applies to Request 61 is unclear. What is clear is that Defendant Wearing is evading the substance of the request because he believes this request is related to the use of a wheelchair. In other words, Defendant Wearing is trying to avoid admitting the essential truth of the request to avoid liability. However, the request makes no mention of a wheelchair. Further, this evasive response does not deny a difficulty to walk or stand for long periods of time.

For the forgoing reasons Request 61 should be deemed admitted.

## G. Defendant Ledezma's Response to Docket #76, #2, Request 15 Should Be Deemed Admitted.

In Docket #76, #2, Request 15 Mr. Banks stated "I did not

16

have an advocate present for the hearing." Supra at 5 (emphasis added). Defendant Ledezma denied this. Id. However, the denial was qualified. Defendant Ledezma affirmatively stated that Mr. Banks had a staff advocate. This was not the substance of the request, however. The request was focused on whether ten advocate was present at the hearing. Defendant Ledezma's response is evasive and does not address the substance of the request. Therefore, the request should be deemed admitted.

H. Defendant Schmaling's Responses to Docket #78, #1, Requests 5, 8, and 9 Should Be Deemed Admitted.

Mr. Banks' requests 5, 8, and 9 directed to Defendant Schmaling in Docket #78, #1 focus on Defendant Schmaling's knowledge of denial of First Amendment rights at the Racine County Jail. See supra at 6. Request 5 asked Defendant Schmaling to admit his awareness that the use of the mail is a First Amendment right that cannot be curtailed without a legitimate State interest. Id. Defendant Schmaling admitted this. Id.

In Defendant Schmaling's response to request 9, however, he both denied and refered to his admission in response to request 5. This is not a denial but an admission.

As argued in section A, supra, the response to request 8 is not appropriate. Defendant Schmaling was asked to admit his awareness of a fact. He denied, but based his denial on documents. This is not an unequivocal admission or denial. It is an evasive and incomplete answer that suggests that since there is no evidence to support the admission Defendant Schmaling

17

can simply deny his knowledge. Plausible deniability is not an acceptable response to requests for admission. Denials should be forthright, not merely plausible due to a lack of evidence to the contrary. This is the essence of bad faith evasiveness. The request should be deemed admitted.

## CONCLUSION

For the forgoing reasons the above requests for admission should be deemed admitted.

Respectfully submitted this 14 day of December, 2015.

*Tarence A. Banks*
Tarence Banks #352265
Wisconsin Secure Program Facility
P.O Box 9900
Boscobel, WI 53805