UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TERENCE BANKS**,

        Plaintiff,

v.                                        **Case No. 14-cv-381-pp**

**LESLIE PATTON, et al.**,

        Defendants.

**DECISION AND ORDER DENYING THE MEDICAL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (DKT. NO. 98), GRANTING IN PART THE PLAINTIFF'S MOTION TO EXTEND TIME FOR DISCOVERY (DKT. NO. 104), AND GRANTING IN PART THE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT (DKT. NO. 105)**

The parties have filed multiple motions, some of which are fully briefed and before this court for a decision. The court discusses each in turn below:

I.    ***The Medical Defendants' Motion for Protective Order (Dkt. No. 98)***

On November 25, 2015, defendants Nurse Leslie Patton, William Coe, Dana Mehring, and Nurse Practitioner Mahita Gone (the "Medical Defendants") filed a motion for a protective order. Dkt. No. 98. The Medical Defendants complain that the plaintiff has propounded 136 requests for admission, which had attached more than 100 pages of records as exhibits. Dkt. No. 99 at 2. The Medical Defendants state that they offered to respond to thirty-five requests of the plaintiff's choice, but that he refused this offer. Id. As a result, the Medical Defendants responded to the first thirty-five requests they received and objected to the rest subject to their motion. Id. They ask that the court grant a

1

protective order relieving them of the "undue burden" of responding to the plaintiff's remaining requests and associated interrogatories.

On November 30, 2015, the plaintiff responded to the motion. Dkt. No. 102. He argues that the overall focus of his requests for admission is the authentication of documents, which is a reasonable use of Federal Rule of Civil Procedure 36 admissions. Id. at 1, 3. He also points out that the Medical Defendants offer no legal support for their request that the court limit the number of admissions in the same manner that the Federal Rules of Civil Procedure limit the number of interrogatories. Id. at 2-3.

Requests for admission are intended to be "simple, direct and concise so they may be admitted or denied with little or no explanation or qualification." Sommerfield v. City of Chicago, 254 F.R.D. 353, 355 (N.D. Ill. 2008) (citations omitted). They allow the parties "to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." Id. Neither the Federal Rules of Civil Procedure nor the Local Rules of this court limit the number of requests for admission that may be propounded. Fed. R. Civ Pro. 36; Local Civ. R. 36 (E.D. Wis.). However, "[r]equests to admit should not be excessive in number and, obviously, should be tailored in a manner and scope to avoid harassment and improper motive." Tamas v. Family Video Movie Club, Inc., 301 F.R.D. 346, 347 (N.D. Ill. 2014) (citations omitted).

The court has reviewed the plaintiff's requests for admission and finds them to be generally consistent with the principles set forth above. The defendants' only objection to the plaintiff's requests is the number of the

requests; they do not object to the substance of the requests. The court does not find 136 individual requests with no subparts to be excessive, and the defendants fail to identify any decisions indicating as much. In addition, while some of the requests may not be models of efficiency (e.g., the plaintiff could have asked a defendant to verify the authenticity of an entire document in a single request, rather than asking him or her to verify the contents of a document in multiple requests), the plaintiff is proceeding *pro se*. Given that the plaintiff does not have legal training or knowledge, the court sees no indication that he submitted that number of requests for the purpose of harassing the defendants.

The court concludes that the plaintiff has prepared, for the most part, simple, direct and concise requests that can be admitted or denied with little or no explanation or qualification. The court denies the Medical Defendants' motion for a protective order excusing them from answering the remainder of the plaintiff's requests for admission. The Medical Defendants shall respond to the plaintiff's remaining requests for admission within **twenty-one days** of this order.

II. *The Plaintiff's Motion to Extend Time for Discovery (Dkt. No. 104)*

On December 8, 2015, the plaintiff filed a motion asking the court to extend the time for discovery. Dkt. No. 104. He explains that he only recently learned the identity of the Jane Doe defendant, and that he does not have adequate time before the scheduled close of discovery to engage her in discovery. Id. Defendants Shawn Barker, Bradley Friend, Melissa Gonzales,

3

Nick Koldeway, Porfirio Ledezma, Melissa Moran, Patrick Noonan, Joshua Evans, Christopher Schmaling, and Douglas Wearing (the "RCJ Defendants") do not oppose the plaintiff's request to extend the discovery deadline as to the newly identified defendant; they request, however, that the court refuse to allow the plaintiff to engage in additional discovery regarding the RCJ Defendants. Dkt. No. 108. The defendants note that the plaintiff commenced this lawsuit on April 3, 2014, and has had nearly twenty-one months to conduct discovery against the RCJ Defendants. Id. at 2. They argue that allowing additional discovery against the RCJ Defendants would be unnecessary and unduly burdensome. Id.

The court agrees that the plaintiff has had sufficient time to conduct discovery against all of the defendants other than the newly identified Jane Doe defendant. The court also notes that the plaintiff's request for an extension of the discovery deadline was based on his limited need to engage the newly identified Jane Doe defendant in discovery. The court will grant the plaintiff's motion in part, and will extend the discovery deadline to **February 19, 2016**, with respect *only* to the newly identified Jane Doe defendant. Discovery with respect to the other defendants is closed. The court also extends the dispositive motion deadline for all parties to **March 21, 2016**.

III. ***The Plaintiff's Motion to Amend the Complaint (Dkt. No. 105)***

On December 8, 2015, the plaintiff filed a motion to amend his complaint. Dkt. No. 106. He attached to the motion a copy of the proposed amended complaint. The plaintiff explains that he "had to identify the John

4

and Jane Doe Defendants and that has been done." Id. at 2. The defendants, however, point out that in the proposed amended complaint, the plaintiff has done more than simply add the true identities of the Doe defendants. Dkt. No. 114. The defendants argue that the proposed amended complaint "adds a multitude of additional facts, asserts claims against the Defendants in both their individual and official capacities, adds a conditions of confinement claim related to 'filthy and unsanitary shower conditions,' adds a First Amendment claim regarding use of the United States mail, restates a First Amendment retaliation claim previously rejected by Judge Adelman[, who was originally assigned to this case and screened the complaint,] and requests additional damages, including punitive." Dkt. No. 114 at 2.

Local Civil Rule 15 requires a plaintiff seeking to amend his complaint to file a motion that "state[s] specifically what changes are sought by the proposed amendments." The court finds the plaintiff's characterization of the changes he proposes to make to his complaint to be overly simplistic at best and, at worst, intentionally misleading. The court denies the plaintiff's motion to amend his complaint in any way other than to update the "Jane Doe" placeholder with her newly discovered name.

Even if the plaintiff had fully described his proposed changes, the court would not have allowed the extensive amendments the plaintiff now proposes. As the defendants highlight, this case has been pending since April 3, 2014. The plaintiff has had ample opportunity to cure perceived deficiencies in his complaint, and the court has previously granted his requests to do so. In

5

addition, discovery, which has been lengthy and extensive, is now closed with respect to all but one of the defendants. To basically restart the case, nearly two years after it was originally filed, would be highly prejudicial to the defendants. The court will grant the plaintiff's motion only in part. The plaintiff may amend his complaint to substitute "Mahita Gone" in place of her Jane Doe placeholder.

IV.     Conclusion

The court **ORDERS** that the Medical Defendants' motion for a protective order (Dkt. No. 98) is **DENIED**. The Medical Defendants shall provide answers to the plaintiff's remaining requests for admission within **twenty-one days** of this order.

The court further **ORDERS** that the plaintiff's motion to extend time for discovery (Dkt. No. 104) is **GRANTED IN PART**. The plaintiff shall complete discovery with regard to the newly identified Janie Doe defendant (Mahita Gone) by **February 19, 2016**. Discovery with respect to the remaining defendants is closed. The court also extends the dispositive motion deadline for all parties to **March 21, 2016**.

6

The court further **ORDERS** that the plaintiff's motion to amend his complaint (Dkt. No. 105) is **GRANTED IN PART**. The plaintiff may amend his complaint *only* to substitute "Mahita Gone" for her Jane Doe placeholder.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge