UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARENCE BANKS,
    Plaintiff,

v.                                        Case No.: 14-cv-381

NURSE LESLIE, et al.,
    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

COMES NOW the Plaintiff, Tarence Banks, pro se, and presents to this Honorable Court his Response to the Medical Defndants' Motion to Compel.

### FACTS

The Medical Defendants have demanded that Mr. Banks sign a medical release of information. Docket # 112-3. The release does limit the amount of information obtainable or from who. Therefore, Mr. Banks objected. See Docket # 112-2; #112-4. Mr. Banks has already signed a medical release that gave the Medical Defendants access to all medical informaiton that is relevant to this action. See Plaintiff's Declaration in Support of this Response ("Banks Dec") at ¶2. Additionally, the Medical Defendants actually treated Mr. Banks and have those treatement records. Id. Finally, the Medical Defendants have prior medical records from earlier points when Mr. Banks was incarcerated at RCJ. Id.

The Medical Defendants have also demanded that Mr. Banks describe, in detail, the acts and/or omissions that they are responsible for. Docket #112-1. The Medical Defendants also demand that Mr. Banks explain exactly how he will prove his contentions. Id. Mr. Banks has objected. Docket #112-2. Mr.

1

Banks provided detalied complaints while at RCJ. Banks Dec at 3. As a result the Medical Defendants are on notice of Mr. Banks' claims in detail. Id. The Medical Defendants have demanded Mr. Banks reveal his trial strategy, which is not discoverable. Id.

## ARGUMENT

### Medical Release

Though it is true that Mr. Banks put his medical condition at issue, medical information not relevant to this action remains privileged. The Medical Defendants have demanded medical information that they do not need.

Further, what medical information that is relevant is in the Medical Defendants possession. Mr. Banks not only signed medical releases while in the Medical Defendants' care but was actually treated by the Medical Defendants.

Additionally, unless the Medical Defendants actually knew about Mr. Banks' needs they would not be liable under the 14th Amendment. This is not a medical malpractice suit but a deliberate indifference suit. The standards are very different.

Therefore, not only are the discovery demands beyond the scope of Mr. BAnks' contentions, they are intrusive beyond privilege.

### Other Requests

Mr. Banks has presented the Medical Defendants with ample descriptions of his claims. Indeed, much of the documentary evidence was presented to the Medical Defendants in the form of Rule 36 Admissions, which they refused to respond to.

The Medical Defendants further demand that Mr. Banks produce

Mr. Banks produce all documents that support his claims. As noted above, unless the Medical Defendants were made aware of Mr. Banks' medical needs and were deliberately indifferent to them he cannot prevail. Therefore, Mr. Banks produced many of the documents that support his contentions via Rule 36 Admissions. Ironically, the Medical Defendants have attempted to avoid the Admissions while attempting to claim that Mr. Banks produced no documents.

It is clear that the Medical Defendants have been fully apprised of the exact claims made against them and what documents support them. Therefore, it is clear that the Medical Defendants are actually trying to discover Mr. Banks' trial strategy. This is not discoverable.

## CONCLUSION

For the foregoing reasons Mr. Banks respectfully requests that the Medical Defendants' Motion to Compel be denied.

Respectfully submitted this _12_ day of _January_, 2016.

_Tarence A. Banks (BR)_
Tarence Banks #352265
Wisconsin Secure Program FAcility
P.O. Box 9900
Boscobel, WI 53805