UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: January 20, 2016
JUDGE: Pamela Pepper
CASE NO: 2014-cv-381
CASE NAME: Tarence Banks v. Leslie Patton et al
NATURE OF HEARING: Video Conference RE: Motions to Compel
APPEARANCES: Tarence Banks - Plaintiff
Timothy Bascom- Attorney for the jail defendants
Jaclyn Kallie – Attorney for the jail defendants
Steven Elmer – Attorney for the medical defendants
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:13 a.m. – 10:48 a.m.

The court noted that both the "jail defendants" and the "medical defendants" had filed motions to compel. (Counsel for the "jail defendants" clarified that they had not filed a motion to compel; the plaintiff had filed a motion asking the court to tell him whether he'd sufficiently complied with their discovery demands.) The court further noted that it had referred the plaintiff's claims against the jail defendants to mediation, and thus that it did not intend to resolve the discovery issues between those defendants and the plaintiff today. Rather, court planned to wait until completion of the mediation to see whether any issues remained. The plaintiff and counsel for the jail defendants had no objection. Counsel for the jail defendants chose to remain in the courtroom to observe the remainder of the hearing.

The court asked the plaintiff whether he wished the court to appoint him an attorney for the mediation regarding his claim against the jail defendants. The plaintiff indicated that he would like an attorney for mediation. The court explained to the plaintiff that it would appoint him counsel, but only for the limited purpose of assisting him in the mediation. The court noted that if the parties didn't resolve the case through mediation and it went to trial, the mediation attorney would not be required to assist him at trial. The plaintiff stated that he understood.

The court explained that the medical defendants had sent the plaintiff interrogatories and requests for production of documents. It appeared from the pleadings that the plaintiff had filed a written response, objecting to many of the requests on the ground that his medical records were privileged. The court agreed that under normal circumstances, medical records were privileged or private, but that there was an exception for cases in which a party put his or her health in issue—which the plaintiff had done here. The court explained to the defendants that because his health was the issue in the case, the defendants were entitled to the records. The plaintiff responded that he now

1

realized that he needed to turn over some medical records, but he pointed out that the defendants had asked for records dating back to 2005. He stated that he did not have information going back that far, and further explained that the injury that had caused him to lose his arm hadn't even occurred until 2013. With regard to the 2013 injury, he explained that he had been taken to Wheaton Franciscan for about an hour, but that because they'd not had a trauma center, he'd then been bandaged up and taken to Froedert. He stated several times that those were the only two hospitals or facilities which had treated him.

Counsel for the medical defendants indicated that he had requested the plaintiff's medical records for the last ten years because he needed to have it determined if the plaintiff had an acute infection or if it was a chronic infection. Counsel further indicated that he was willing to send the plaintiff new requests that he provide counsel with his medical records from October 1, 2013 to the present. The plaintiff responded that he was willing to sign releases relating to that time period. The court ordered the plaintiff to sign those releases, once he received them from the defendants.

The court noted that another of the plaintiff's objections was that the medical defendants had requested that the plaintiff explain what each individual defendant had done that contributed to his injuries. The court explained that the plaintiff had to be specific, because in order to defend him- or herself, each individual defendant had the right to know what the plaintiff claimed that he or she had done. It wasn't enough to say, "I wasn't provided shower facilities." Rather, the plaintiff needed to state which defendant had done which particular thing that had contributed to his injuries. The plaintiff agreed that he could do that.

The plaintiff also had argued that he had attached documents to the requests for admissions, which mean the defendants already had some documents that they were asking for. The court explained that the plaintiff had an obligation to send all responsive documents in response to the requests—together.

Counsel for the medical defendants reminded the court that the plaintiff hadn't responded to interrogatories 13, 14, and 15. Interrogatory 13 asked the plaintiff to describe with specificity every injury he claimed he'd suffered. Interrogatory 14 asked the plaintiff to name all employers from the past five years, along with their addresses, the dates he was employed, his wages, and what he did. Interrogatory 15 asked whether the plaintiff had been right-handed or left-handed prior to the October 2013 injury. Counsel stated that the plaintiff also had mentioned during his deposition that he was keeping a diary about all what had happened to him, and the defendants were requesting

a copy of the diary or notes. Counsel for the jail defendants told the court that he had a copy of the plaintiff's diary and was willing to provide a copy to counsel for the medical defendants.

The plaintiff argued that which hand was his dominant hand prior to the injury was not relevant. The court indicated that hand dominance before the injury was relevant to damages; the plaintiff responded on the record that he had been right-handed prior to the injury. The plaintiff told the court that he had worked at QPS for about one week at a rate of $7.25 within the last five years, and that was the only job he held as he was in prison the rest of the time. Finally, he said he would provide a description of his injuries, but he'd have to wait for the person in the library who did his typing for him to get it typed up. He estimated he could send out that description, the description of what each defendant had done, and the information about his one job, by the following week.

The court **GRANTS** the medical defendants' motion to compel, to the extent that it **ORDERS** the plaintiff to sign the new releases for his medical records from Wheaton Franciscan and Froedert for the time period between October 1, 2013 and the present. The court **ORDERS** the plaintiff provide counsel for the medical defendants with specific answers to interrogatories 13, 14, and 15, putting those responses into the mail by **JANUARY 29, 2016**. The court will appoint an attorney for the plaintiff to assist him with the mediation with the jail defendants.

Dated in Milwaukee Wisconsin this 22nd day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

3

Case 2:14-cv-00381-PP   Filed 01/20/16   Page 3 of 3   Document 133