UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARENCE BANKS,
    Plaintiff,

v.                                          Case No.: 14-cv-381

NURSE LESLIE, et al.,
    Defendants.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO
DETERMINE THE SUFFICIENCY OF ANSWERS OR OBJECTIONS TO ADMISSIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(a)(6)

COMES NOW the Plaintiff, Tarence Banks, pro se, and presents to this Honorable Court his Memorandum in Support of his Motion to Determine the Sufficiency of Answers or Objections to Admissions (second motion) Pursuant to Federal Rule of Civil Procedure 36(a)(6).

## INTRODUCTION

This is a civil rights suit brought by Mr. Banks against two sets of Defendants. Mr. Banks' claims focus on violations of his constitutional rights related to conditions of confinement as a pretrial detainee and violations of his rights under the Rehabilitation Act/Americans with Diosabilities Act.

In an attempt to sharpen and clearify the issues for trial Mr. Banks engaged Defendant Patton in discovery using Federal Rule of Civil Procedure (Rule) 36 admissions. This motion focuses on the responses of Defendant Patton to two sets of Rule 36 admission.

On October 26, 2015 Mr. Banks served Rule 36 admission requests on Defendant Patton. See Docket #76; Plaintiff's Declaration in Support of this Motion ("Banks Dec") at ¶2. On January 22, 2016 Defendant Patton responded to Docket #76. See

1

Banks Dec, Exhibit 1. Defendant Patton made the following responses to Docket #76:

> REQUEST 27: Despite Exhibit 9 ordering daily dressin changes I was not brought to medical for a dressing change. [sic] daily.
>
> RESPONSE No. 27: These answering Defendants object to Request No. 27 as it is ambiguous, vague, compound, assumes facts, is not limited as to time, and is unintelligible as written.

Banks Dec, Exhibit 1, page 5.

> REQUEST 45: Exhibit 17 gave an instruction for medical staff to do daily wet to dry dressing changes using normal saline on my wound.
>
> RESPONSE No.45: This answering Defendant objects to Request No. 45 as it is vague and ambiguous as to "medical staff." Subject to the objection and without waiver of the same, deny; there is no indication that Exhibit 17 is directed towards "medical staff." Admit that the document states in part "to lateral incision perform wet to dry dressing changes once daily using normal saline[.]"

Banks Dec, Exhibit 1, page 9.

> REQUEST 63: I had been instructed by the doctor not to walk on my painful leg and foot.
>
> RESPONSE No. 63: This answering Defendant objects to Request No.63 as it is ambiguous as to what document, if any, the request is referring to. Admit that Ex. 25 states that "I know I just saw the Doctor and he told me not to walk on it so much ..." Otherwise, deny.

Banks Dec, Exhibit 1, page 12.

On October 30, 2015 Mr. Banks served Rule 36 admission requests on Defendant Patton. See Docket #80; Banks Dec at ¶4. On January 22, 2016 Defendant Patton responded to Docket #80. See Banks Dec, Exhibit 2. Defendant Patton made the following responses to Docket #80:

2

REQUEST 13: Changing my dressings on my wound was a part of the healthcare services that were to be provided at all times relevant to this suit.

RESPONSE No. 13: This answering Defendant objects to Request No. 13 as it is ambiguous as to "all times relevant to this suit." Subject to that objection and without waiver of the same, deny. No documentation supports this assertion. For a substantial portion of your time at the jail, you were capable of changing your own dressing/bandages as needed, and you were provided the necessary materials and were instructed on how to do so.

Hanks Dec, Exhibit 2, page 4.

REQUEST 14: The jail's use of an inmate to aid me in the changing of my dressings would violated provision 7.3 of Exhibit 2, as stated on page 12 of that exhibit.

RESPONSE No. 14: This answering Defendant objects to Request No. 14 as it assumes facts and is vague and ambiguous. Subject to that objection and without waiver of the same, admit that if the Racine County Jail did in fact pay an inmate to change your dressings, that would be contrary to the cited provision. Otherwise, deny.

Hanks Dec, Exhibit 2, page 4.

## LEGAL STANDARD

The purpose of requests to admit is to narrow the issues in dispute so parties, and the Court, can concentrate on the heart of the matter. See, e.g., Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 218 (D.D.C. 2001); Walther L. Harvey, Rules of Civil Procedure, § 4166 (1975). Requests to admit can be used, for example, to prove the genuiness of documents or to admit an opinion of fact or the application of law to facts. See, e.g., Gluck, 204 F.R.D. at 218-19.

Requests to admit are ideally situated for summary judgment. Unlike depositions where a witness may fall back on a fading memory, a request to admit requires the answering party to provide details supporting its claimed inability to recall facts.

3

Princess Pat, Ltd. v. National Carloading Corp., 223 F.2d 916, 920 (7th Cir. 1955).

"A request to admit is meant to test the knowledge of the party to which it is directed. An answering party cannot deny a request to admit on the grounds that the requesting party cannot prove the factual matter in the request. Cf Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 97 (W.D. Mo 1973)(deeming requests for admission admitted when responding party's answers were evasive and focused on the accuracy of the requests rather then on the truth of the matters set forth therein)." Fazal v. Advanced Tabco, 2010 US Dist LEXIS 112812 (ED Wis 2010).

Federal Rule of Civil Procedure (Rule) 36(a)(4) Answer, states in relevant part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denail must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Equivocal, evasive, or incomplete answers do not comply with the requirements of this rule, United States v. Jefferson Trust & Sav. Bank, 31 F.R.D. 137 (SD Ill 1962); such answers will be treated as a failure to answer, and the request may be deemed admitted. Rule 36(a); Southern Ry. v. Crosby, 201 F.2d 878, 880 (4th Cir. 1953). This is because unanswered requests for admission render the matter requested conclusively established for the purposes of that suit. Luick v. Graybar Electric Co., 473 F.2d 1360 (8th Cir. 1973). Similarly, quibbling with wording of a request instead of addressing its meaning or intent will result

4

in the request being deemed admitted. See, e.g., <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir. 1994); <u>Crosby</u>, 201 F.2d at 880 (denying "accuracy of a statement" or refusing to admit did not deny truth of statement and equivalent to admission).

A party cannot refuse or avoid answering based on a lack of information unless reasonable effort to ascertain the answer has been made and shown. See, e.g., <u>Brown v. Arlen Mgmt.</u>, 663 F.2d 575, 580 (5th Cir. 1981); <u>Hay & Forage Indus. v. Ford New Holland, Inc</u>, 132 F.R.D. 687, 794 (D. Kan. 1990)("Rule 36 requires a detailed explanation for the inability of the respondent to admit or deny a request.") A party cannot serve both objections and answers to the same question; the party must choose one or the other. See, e.g., <u>Poole v. Textron, Inc.</u>, 192 F.R.D. 494, 499 (D. Md. 2000).

Courts are skeptical of "hypertechnical semantic gymnastics." <u>Michael A.M. v. Solsrud</u>, 178 Wis. 2d 137, 150 (Ct. App 1993). The responde cannot "us[e] denials to obscure and complicate the issues and to mislead." Id., at 156. Federal courts are encouraged to take an active role in preventing "disingenuous, hair splitting distinctions" and denials that seek to avoid the essential truth of the request. See, e.g., <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988); <u>Havenfield</u>, 67 F.R.D. at 97. Thus, where an answer is found evasive or incomplete, a Court is entirely within its power to deem the request admitted. Id.

Rule 36(a)(6), Motion Regarding the Sufficiency of an Answer or Objection, states:

5

> The requesting party may move to determine the
> sufficiency of an answer or objection. Unless the
> court finds an objection justified, it must order that an
> answer be served. On finding that an answer does not
> comply with the rule, the court may order either that
> the matter is admitted or that an amended answer be
> served. The court may defer its final decision until a
> pretrial conference of a specified time before trial.
> Rule 37(a)(5) applies to an award of expenses.

Under Rule 36(a)(6) if a party believes that a response is insufficient or that an objection is improper, the party can move the court to determine the sufficiency of the answer or objection. Practorian Ins. Co. v. Site Inspection, LLC, 604 F.3d 509 (8th Cir. 2010); Harris v. Koenig, 271 F.R.D. 356, 372-73 (D.D.C. 2010). "insufficient" refers to the specificity of the response, not whether the response is correct or in good faith. Foretich v. Chung, 151 F.R.D. 3 (D.D.C. 1993). The burden is on the party raising the objection to show that the objection was proper. Moses v. Halsted, 236 F.R.D. 667, 680 (D. Kan. 2006). If the court determins that the answer was insufficient, it can deem the answer an admission or can order a more complete answer. Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 363 (D. Md. 2012); Harris, 271 F.R.D. at 373.

## ARGUMENT

### I. THE RESPONSE TO DOCKET #76, request 27 SHOULD BE DEEMED ADMITTED

Though it is true that there are some typographical errors in Docket #76, Request 27 (See also Banks Dec, Exhibit 1, page 5) the request is not unintelligible as written. The request plainly, unambiguously, and without assuming any facts states that "Exhibit 9" ordered daily dressing changes and that Mr. Banks "was not brought to medical for" the ordered daily dressing changes.

6

The reference to Exhibit 9 attached to Docket #76 provided context as to time as did the limitations of the case at bar. Defendant Patton admitted to the authenticity of Exhibit 9 in response to Request 22. See Banks Dec., Exhibit 1, page 5. To argue that the Request "is not limited as to time" is absurd on its face. The same is ture in relation to assuming facts. Facts are not assumed here.

As Defendant Patton has unreasonably failed to deny Request 27 the Request should be deemed admitted.

## II. THE RESPONSE TO DOCKET #76, REQUEST 45 SHOULD BE DEEMED ADMITTED

Defendant Patton's objection and denial to Request 45 are inappropriate. Hoole, 192 F.R.D. at 499. Further, the assertion that "there is no indication that Exhibit 17 is directed towards 'medical staff'" is absured. Predicating this denial on the term "medical staff" only serves to compound the issue of the mixture of an objection and a denial. Even more confusing is how Defendant Patton can admit that Exhibit 17 "states in part 'to lateral incision perform wet to dry dressing changes once daily using normal saline [.]'"

Evasiveness is demonstrated by the mixture of objection, denial, and admission. Objecting to the term "medical staff" is evasive. To then deny by using the same term objected to underscores the evasiveness of the Response. How can Defendant Patton object to the definition of a term and also use the same term in responding?

Importantly, Defendant Patton admits that Exhibit 17 states to "perform wet to dry dressing changes once daily using normal saline" ... "to [the] lateral incision ...: Who else could the medical note be directed to but the medical staff? It couldn't have been directed to Mr. Banks. He was a jail inmate, dependent on the Medical Defendants for his medical needs.

Ultimately, the mixture of objection, denial, and admission can only be seen as "disingenuous, hair splitting distinctions" which seek to avoid the essential truth of the request. Thalheim, 124 F.R.D. at 35; Havenfield, 67 F.R.D. at 97. For these reasons this Court should deem the request admitted. Id.

### III. THE RESPONSE TO DOCKET #76, REQUEST 63 SHOULD BE DEEMED ADMITTED

Defendant Patton's response to Request 63 of Docket #76 does not respond to the heart of the Request. Instead of addressing Mr. Banks' statement that "I had been instructed by the doctor not to walk on my painful leg and foot", Defendant Patton objected, denied, and admitted. As argued above, this is inappropriate.

As Defendant Patton states in her objection Mr. Banks did not reference any document in his request. He was not required to. The Request centered on whether Mr. Banks had received instruction by the doctor. Instruction need not be written. The objection is improper.

Defendant Patton's admission did not address the heart of the Request. The Request is meant to test Defendant Patton's knowledge of medical instruction given by the doctor to Mr. Banks. Defendant Patton cannot object or deny based on lack of documentary evidence to support the Request. Fazal, 2010 US Dist LEXIS 112812 and cases cited therein.

As Defendant Patton has failed to deny Request 63 the Request should be deemed admitted.

### IV. THE RESPONSE TO DOCKET #80, REQUEST 13 SHOULD BE DEEMED ADMITTED

Defendant Patton's mixture of objection and denial are improper. Further, both the objection and denial are evasive. This Request should be deemed admitted.

The objections to the phrase "all times relevant to this suit" is not appropriate. The phrase is not ambiguous. The relevant time frame that relates to this suit is not in dispute. The creation of a dispute over what time frame is relevant to this suit is a straw man.

Defendant Patton then denies because: "No documentation supports this assertion." As argued above, a denial cannot be based on the grounds that the requesting party cannot prove the factual matter in the request.

Defendant Patton then defys the terms of the objection and states: "For a substantial portion of your time at the jail ..." This statement show cases the evasiveness of the objection.

Defendant Patton rounds out the qualification of the denial by asserting that Mr. Banks, a recent amputee, was "capable" of changing his own dressing/bandages "as needed." According to Defendant Patton Mr. Banks was "provided the necessary materials and instructed on how to do so." Defendant Patton does not state when the alleged instrucions were given to Mr. Banks or by whom. Nor does Defendant Patton explain the medical opinion that Mr. Banks was "capable" of changing his bandages on his own and/or that Mr. Banks could judge when changing was "needed."

As Defendant Patton has unreasonably failed to deny Request 13 the Request should be deemed admitted.

### V. THE RESPONSE TO DOCKET #80, REQUEST 14 SHOULD BE DEEMED ADMITTED

Once again Defendant Patton has given a mixed response of an objection, denial, and admission. No part of Defendant Patton's Response to Request 14 addresses the heart of Mr. Banks' Request. Instead, the Response is evasive. Therefore, the Request should be deemed admitted.

Defendant Patton's objection is undermined by the mixture of admission and denial. This is shown in Defendant Patton's admission. It is clear that Defendant Patton understood the language of the Request in that she identified how action on the part of the Racine County Jail would violate a contractual provision. Therefore, there is no assumption of facts and the Request was not vague or ambiguous.

The admission evades the heart of the Request, however. At no point in the Request did Mr. Banks make reference to "payment" to an inmate. Mr. Banks used the words "use of an inmate". The Request was carefully crafted to obtain Defendant Patton's opinion of the application of specific facts to a contract's provisions. In other words, "would" the "use of an inmate" by jail staff violate the terms of "provision 7.3"?

The implications of this Request cannot be overstated. Knowingly sending bandages to Mr. Banks to change with the aid of an inmate violates the terms of the contract between the Jail and CHC. The cited provision could not have been arbitrarily placed into the contract. The provision releases the Medical Defendants

10

from liability if the Jail Defendants used an inmate to help Mr. Banks with his bandage changes.

Importantly, the Request leads to an important set of points. Using untrained lay persons to change a dressing on a fresh amputation site does not ensure that the dressings are being changed properly. Proper application includes proper hand washing. It also calls for an environment suited for exposing the wound. The possibility that an inmate aiding Mr. Banks in changing his dressings contributed to the well docummented ongoing infection Mr. Banks suffered cannot be ignored. Indeed, the entire process of sending presumably sterile bandages to the cell block through jail staff must be seen as suspicious.

Ultimately, the language of the contractual provision must be viewed as a wise decision to avoid liability where an inmate is harmed due to the jail's <u>use</u> of another inmate to render medical services. The Request merely seeks to establish that the <u>use</u> of an inmate would violate the provision. As Defendant Patton has evaded the heart of the Request the Response should be deemed an admission.

## CONCLUSION

For the forgoing reasons the cited Responses to Mr. Banks' Rule 36 Requests for admission should be deemed admitted.

Respectfully submitted this _04_ day of _February_, 2016.

_Tarence A Banks_
Tarence Banks #352265
Wisconsin Secure Program Facility
P.O. Box 9900
Boscobel, WI 53805