IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    Plaintiff,

v.                                         Case No. 14-CV-0381

**NURSE LESLIE, ET AL.,**

    Defendants.

**MEDICAL DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION
TO DETERMINE THE SUFFICIENCY OF ANSWERS
OR OBJECTIONS TO ADMISSIONS**

NOW COME the Medical Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Brief in response to the Plaintiffs Motion to Determine the Sufficiency of Answers or Objections to Requests for Admissions.

**INTRODUCTION AND FACTUAL BACKGROUND**

This case is a 42 USC § 1983 civil rights claim filed by former Racine County Jail inmate Tarence Banks. In pertinent part, Banks alleges the Medical Defendants mistreated his amputation wound when he arrived at the jail in late 2013 into 2014, causing it to become infected, and causing him to experience a rash. (See generally Complaint, Doc. 1).

Between October 26 and November 12, 2015, Banks filed seven separate sets of discovery directed at the Medical Defendants, totaling between 150 and 200 Requests for Admission, Requests for Production of Documents, and Interrogatories, along with approximately 100 pages of attached exhibits. (See Docs. 76, 76-1, 76-4, 76-5, 79-3, 80, 80-1 , 83-3, 83-4, 87, 87-1, 92, and 92-1.) The Medical Defendants' Motion for a Protective Order (Doc. 98) was denied, and the

Medical Defendants therefore endeavored to provide responsive answers to Banks' numerous requests.

Included amongst Banks' requests were a set of 88 Requests for Admission directed at Nurse Leslie Patton (Doc. 76-4). 62 of the requests were either admitted unconditionally or with minimal qualification. Also included were another set of 17 Requests for Admission (Doc. 80). Banks now brings a Motion to determine the sufficiency of five responses to his voluminous discovery.

Fed. R. Civ. P. 36 governs requests to admit. It states that "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(l) ..." R. 36 permits objections and partial or qualified responses, stating that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." See also Fed. R. Civ. P. 36(a)(5). Finally, Civil L. R. 37 requires a party to attempt to resolve discovery disputes via a meet and confer before filing a discovery motion.

## ARGUMENT

### I. Banks Has Failed To Satisfy Civil L. R. 37's Meet And Confer Requirement Relating To Discovery Disputes, And His Motion Must Be Denied.

Banks has failed to comply with Civil L.R. 37, which states that "all motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." Discovery motions related to

Rule 36 Requests to Admit are included in those rules (Fed R. Civ. P. 26 through 37) encompassed by Civil L.R. 37.

Civil L. R. 37 is designed, amongst other purposes, to promote judicial economy. Banks' Motion quibbles with the responses to only five requests out of the hundreds he served. It is possible that the Medical Defendants would have been willing to modify their responses if Banks had provided some clarification of, or explanation for, the disputed requests. Banks made no attempt to confer with counsel for the Medical Defendants, instead choosing to file another discovery motion that must now be litigated. Because Banks did not attempt to confer with counsel for the Medical Defendants as required by Civil L. R. 37, his Motion must be denied.

II. **The Medical Defendants Provided Adequate, Good Faith Responses To Banks' Voluminous Requests To Admit. The Responses He Deems Insufficient Are The Result Of His Own Poorly Worded, Vague, And Ambiguous Requests.**

A. **Response to Doc. 76, Request 27.**

Banks' Request No. 27 (Doc. 76) and the response thereto reads:

**Doc. 76, Request No. 27: Despite Exhibit 9 ordering daily dressing changes I was not brought to medical for a dressing change. Daily.**

<u>Response to Request 27</u>: These answering Defendants object to Request No. 27 as it is ambiguous, vague, compound, assumes facts, is not limited to time, and is unintelligible as written.

First, Banks claims that the Defendants' objection was improper because "Request No. 27 does not assume facts." (Pl. Br., Doc. 136, p. 6-7.) Banks is incorrect. Request 27 assumes as a fact that the document he attached as Exhibit 9 "ordered daily dressing changes."

Second and relatedly, Banks claims that an objection is improper because "Defendant Patton admitted to the authenticity of Exhibit 9 in Response to Request 22." What Nurse Patton

actually admitted in Request 22 is that "Exhibit 9 is a CHC progress note dated 12/11/13 related to [Banks'] care at RCJ." (Doc. 137-1, p. 5.) Nurse Patton was not asked to admit that Exhibit 9 contains an "order[] for daily dressing changes." (Id.) "Order" when used in the medical context is a specific term with a specific definition. Not every document created by a healthcare provider is an "order."

Finally, Banks states that "To argue that the Request 'is not limited as to time' is absurd on its face." (Pl. Br., Doc. 136, p. 7.) The reason Request 27 is unintelligible and impossible to fairly respond to is because there is no time delineation, and therefore no way to know exactly what admission the request seeks. The request asks for an admittance or denial that "I was not brought to medical for a dressing change. Daily." Banks was a complicated patient whose medical needs changed over the time he was incarcerated at the jail. It is impossible to answer Request 27 without a time frame - does Banks seek an admission that he was "not brought to medical for a dressing change daily" for a few days, a week, a month, some other time period, or indefinitely? Thus, Request 27 could not be admitted or denied in good faith due to its poor wording and ambiguity. Moreover, if Request 27 had been admitted, Banks would be free to unfairly use that vagueness and ambiguity to his advantage.

### B. Response to Doc. 76, Request 45.

Banks' Request 45 (Doc. 76) and the response thereto reads:

**Doc. 76, Request No. 45: Exhibit 17 gave an instruction for medical staff to do daily wet to dry dressing changes using normal saline on my wound.**

<u>Response to Request 45</u>: This answering Defendant object to Request No. 45 as it is vague and ambiguous as to "medical staff." Subject to that objection and without waiver of the same, deny; there is no indication that Exhibit 16 is directed towards "medical staff." Admit that the document states in part "to lateral incision perform wet to dry dressing changes once daily using normal saline."

Exhibit 17 (Doc. 76-4, p. 25) is a handwritten patient progress note created at Froedtert Hospital, not at the jail. Exhibit 17 does not use the term "medical staff." Thus, there was nothing whatsoever improper about the Medical Defendants' partial denial – "medical staff" is Banks' term, not the referenced document's. Second, the objection that the term "medical staff" is ambiguous was wholly proper, given the context of Exhibit 17. When Banks used the term "medical staff," did he mean Froedtert medical staff? Jail nurses? Both? Neither? He did not bother to define it, and the Defendants are not capable of telepathy. Despite the partial denial and objection, the Defendants actually admitted that the document states generally what Banks claims it does; thus, the answer to Request 45 was entirely responsive.

### C. Response to Doc. 76, Request 63.

Banks' Request 63 (Doc. 76) and the response thereto reads:

**Doc. 76, Request No. 63: I had been instructed by the doctor not to walk on my painful leg and foot.**

<u>**Response to Request No. 63**</u>**:** This answering Defendant objects to Request No. 63 as it is ambiguous as to what document, if any, the request is referring to. Admit that Ex. 25 states that "I know I just saw the Doctor and he told me not to walk on it so much...." Otherwise, deny.

Most of Banks' requests relate to specific documents he attached as exhibits. (See Generally Doc. 137-1.) The response simply stated that, unlike the vast majority of other requests, no specific document was referenced. Banks' use of the vague term "the doctor" instead of a name also seems to indicate a reference to a specific document. The Defendants thought that the request might refer to Ex. 25, as that document contained apparently relevant subject matter that had been discussed in the requests immediately before. Nurse Patton admitted that Ex. 25 contains Banks' complaints about his leg pain. Nurse Patton then denied the request (the

Page 5 of 8

Case 2:14-cv-00381-PP   Filed 02/12/16   Page 5 of 8   Document 139

response states plainly "Otherwise, deny") to the extent that it did not relate to Ex. 25. There is nothing insufficient with the response to Request 63.

### D. Response to Doc. 80, Request 13.

Banks' Request 13 (Doc. 80) and the response thereto reads:

**Request No. 13: Changing my dressings on my wound was a part of the healthcare services that were to be provided at all times relevant to this suit.**

<u>Response to Request No. 13</u>: This answering Defendant objects to Request No. 13 as it is ambiguous as to "all times relevant to this suit." Subject to that objection and without waiver of the same, deny. No documentation supports this assertion. For a substantial portion of your time at the jail, you were capable of changing your own dressing / bandages as needed, and you were provided the necessary materials and were instructed on how to do so.

First, Banks claims that the objection on vagueness grounds to the term "all times relevant to this suit" is improper. In relevant part, the Court's Screening Order (Doc. 8) permits Banks to litigate claims related to an alleged infection in his arm arising before the filing of his lawsuit on April 3, 2014. Despite the terms of the Screening Order, Banks has sought discovery into events at the jail throughout his entire incarceration, from November 2013 to late 2014, when he was transferred to state prison. He has sought to amend his Complaint to add a variety of allegations from varying dates and times. (Doc. 105.) The medical Defendants are still confused as to what Banks believes is the time period "relevant to this suit." Banks does not bother to define this term anywhere in his discovery requests, nor can the medical Defendants read Banks' mind. There is nothing improper about this objection.

Second, Banks' remaining argument appears to be that denial of Request 13 is insufficient because not enough explanation was provided, i.e. Nurse Patton did not "explain the medical opinion." Banks cites no law in support of this argument; R. 36 does not require that denials be explained. An explanation of the denial was provided in a good faith attempt to respond and in

Page 6 of 8

Case 2:14-cv-00381-PP   Filed 02/12/16   Page 6 of 8   Document 139

an attempt to respond to Banks' sweepingly overbroad attached interrogatory. Banks is simply listing follow up discovery questions he would like to ask, and claiming that because they were not answered preemptively the response provided was deficient. Again, there is no basis in law for Banks' claim that the response was insufficient.

### E. Response to Doc. 80, Request 14.

Banks' Request 14 (Doc. 80) and the response thereto reads:

**Request No. 14: The jail's use of an inmate to aid me in the changing of my dressings would violated provision** 7.3 **of Exhibit 2, as stated on page 12 of that exhibit.**

<u>**Response to Request 14:**</u> This answering Defendant objects to Request No. 14 as it assumes facts and is vague and ambiguous. Subject to that objection and without waiver of the same, admit that if the Racine County Jail did in fact pay an inmate to change your dressings, that would be contrary to the cited provision. Otherwise, deny.

The Defendants objected to this request because the term "jail's use of an inmate" as used in Request No. 14 is vague and ambiguous. The request assumes facts in that it assumes that the jail did in fact "use an inmate to aid [Banks]." The response then actually admitted that the jail employing an inmate to change Banks' dressing would have been a violation of the contract. Thus it is unclear why Banks is unsatisfied with the response provided. It is also unclear whether Banks is alleging that the jail somehow coerced another inmate to aide him, or sought out a volunteer to do so. As with all the other requests, the Medical Defendants provided a good faith response to a vague, poorly worded request. Banks' nitpicking about a specific word choice in a response to one of his almost 200 discovery requests is profoundly unfair.

### CONCLUSION

In conclusion, there is nothing insufficient about the responses provided by the Medical Defendants. The Medical Defendants responded in good faith, doing their best to answer the

Plaintiff's vague, ambiguous, confusing, and poorly written requests. The Plaintiff should not be permitted to ask a bad question, and then claim that good faith responses were not satisfactory.

The Court should deny the Plaintiff's Motion.

Dated this 12th day of February 2016.

    SIESENNOP & SULLIVAN
    Attorneys for Defendants,
    Leslie Patton, William Coe,
    Dana Mehring, and Mahita Gone


    *s/ Steven T. Elmer*
    W. Patrick Sullivan
    State Bar No. 1006235
    Steven T. Elmer
    State Bar No. 1088018

P.O. Address:
SIESENNOP & SULLIVAN
111 W. Pleasant St., Suite 110
Milwaukee, Wisconsin 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199