UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**TERENCE BANKS**,

              Plaintiff,

v.                                           **Case No. 14-cv-381-pp**

**LESLIE PATTON, et al.**,

              Defendants.

_____

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO DETERINE THE SUFFICIENCY OF ANSWERS OR OBJECTIONS TO ADMISSIONS (DKT. NO. 135)**
_____

       On February 4, 2016, the plaintiff, who is representing himself, filed a motion to determine the sufficiency of answers or objections to requests to admit that he had served upon defendants Coe, Gone, Mehring, and Patton (the "Medical Defendants"). Dkt. No. 135. The Medical Defendants responded to the motion on February 12. Dkt. No. 139. Before arguing the merits of the motion, the Medical Defendants asked the court to deny the plaintiff's motion because the plaintiff had failed to comply with Local Civil Rule 37. Id. at 2-3.

       Civ. L. R. 37 requires that all motions to compel disclosure or discovery pursuant to Federal Rules of Civil Procedure 26 through 37 be accompanied by a written certification from the movant that he has, in good faith, unsuccessfully attempted to confer with the opposing party in order to resolve the discovery dispute without the court's involvement. Discovery motions related to requests to admit (Fed. R. Civ. Pro. 36) are included in the rules

1

encompassed by Civ. L. R. 37 (Fed. R. Civ. Pro. 26-37). The Medical Defendants state that "it is possible that the Medical Defendants would have been willing to modify their responses if [the plaintiff] had provided some clarification of, or explanation for, the disputed requests. [The plaintiff] made no attempt to confer with counsel for the Medical Defendants, instead choosing to file another discovery motion . . . ." Dkt. No. 139 at 3.

The court agrees with the Medical Defendants that, when a discovery dispute arises, a party's first step is to try to resolve the dispute with the other party. The first step is not to file a motion with the court, which is what the plaintiff did here. Civ. L. R. 37 implicitly acknowledges that parties often are able to resolve discovery disputes without the court's involvement. As such, the rule's requirements save both the court and the parties time and money. Here, in light of the Medical Defendants' explanations of why they objected and/or responded the way they did, the court is hopeful that the plaintiff and the Medical Defendants will be able to resolve this dispute (via written correspondence) on their own.

The court **ORDERS** that the plaintiff's motion to determine the sufficiency of answers or objections to admissions (Dkt. No. 135) is **DENIED**. If

the parties, after a good faith effort, are unable to resolve this discovery dispute on their own, the plaintiff may refile his motion.

Dated in Milwaukee, Wisconsin this 17th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge