IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Terence Banks,
    Plaintiff

V.                                Case No.14-cv-0381

Lt.Shawn Barker,et al.,
    Defendant's.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF FACT'S.

    NOW COMES,The plaintiff,Terence Banks,proceeding Pro-Se answering the defendant's proposed findings of fact in the above case.

### RESPONSE TO THE DEFENDANT'S PROPOSED FINDINGS OF FACT'S.

1.The plaintiff,Terence Banks,was booked into the Racine County Jail on November 12,2013.

RESPONSE:No dispute

2.The plaintiff's claims against Christopher Schmaling are due to his status as Sheriff.

RESPONSE:No dispute

3.The Racine County Jail Inmate Handbook provides that when prisoners have a basis for a grievance or complaint,and informal resolution is not possible,a written complaint should be submitted to the jail administrator with the required information and in the required format.The inmate request form must be used,it must be legible, include the inmates name,SPN number,housing location,and date,be signed and submitted without profanity.

RESPONSE:No dispute

4.Any inmate complaints or grievances that do not meet the outlined conditions or contain threats or profanity will not be responsed to.A response or resolution is provided for each legitimate complaint.

RESPONSE:No dispute

5.Grievance appeals must be submitted in writing to the jail administrator within 15 days using an inmate request form.

RESPONSE:No dispute

6.The Plaintiff filed,at a minimum,sixty inmate grievances regarding various complaints related to his confinement at Racine County Jail.

RESPONSE:No dispute

7. The Plaintiff did not appeal any of his grievances.

RESPONSE: dispute, The plaintiff ~~always~~ appealed his grievances to the Jail Administrator but they never responded to them. (Aff. of Terence Banks par. 36 )

8. The Racine County Jail Inmate Handbook provides that disciplinary findings and imposed sanctions may be appealed to the Assistance Jail Administrator or the Lieutenant in charge of Jail Operations.

RESPONSE: No dispute

9. Once the disciplinary appeal is returned this decision can be further appealed to the Jail Administrator.

RESPONSE: No dispute

10. Appeals must be in writing on an inmate request form and turned over to a staff member within 24 hours of the finding decision.

RESPONSE: No dispute

11. The Plaintiff received at least six verbal warnings, nine minor violations and twenty-three major violations during his period of incarceration at Racine County Jail.

RESPONSE: No dispute

12. The plaintiff's appeal of disciplinary decisions for Incident #14-000043 and Incident #14-000243 were untimely.

RESPONSE: ~~No~~ dispute

13. The Plaintiff failed to appeal the remainder of his disciplinary decisions.

RESPONSE: dispute, the plaintiff appealed more than (30) grievances with no answer. See (Aff. of Terence Banks par. 30 )

14. The plaintiff was not deprived of a cell, bed, or toilet. His use and to these things were made more difficult due to his injuries and due to a lack of hand rails.

RESPONSE: x dispute, the plaintiff was denied a bed for 15 hours a day and the toilet because the fact that the defendant's knew that the plaintiff could not get out of the bed to use the toilet made it a denial. See, (Aff. of Terence Banks par. 13, 27, 36, 42)

15. The plaintiff was able to get in and out of the bed and use the toilet.

RESPONSE: Sometimes Banks would use the bathroom on his self and have to lay in urine ~~~~ for hours at a time until he was able to get help because he couldn't get out of the bed. (Aff. of Terence Banks par. 36 )

16. The plaintiff had difficulty receiving and eating his meals but was never denied food while at Racine County Jail.

RESPONSE: dispute, due to the fact the defendant's knew that Banks couldn't get out of the bed to get his food and chose to due nothing is a response of denial. See, (Aff. of Terence Banks par. __35__)

17. The plaintiff **often** gave away food in exchange for assistance.

RESPONSE: No dispute

18. It is a violation of Racine County Jail policy for an inmate to give a meal item to another inmate.

RESPONSE: No dispute

19. The plaintiff did not get sick due to an alleged lack of food aside from alleged hunger pains.

RESPONSE: dispute, Banks was unable to eat or drink most of the time and Banks lose weight. See, (Aff. of Terence Banks par. __35__)

20. The plaintiff had difficulty placing his clothes in a laundry bag and ~~properly~~ tying it in a knot.

RESPONSE: No dispute

21. The plaintiff was able to exchange his uniform for a clean one and prepare his laundry bag with difficulty.

RESPONSE: dispute, Banks was able to exchange his uniform for a clean one prepare his laundry bag with the help on of inmates who he had to pay. See, (Aff. of Terence Banks par. __47__)

22. The plaintiff had difficulty tying his sheets down to make his bed, but he did receive bed sheets and a mattress.

RESPONSE: dispute in part, Banks received sheets but was unable to change/tying sheets. See, (Aff. of Terence Banks par. __48__)

23. At no time was the plaintiff deprived of a bed while in Racine County Jail.

RESPONSE: From 6:00am to 6:00pm the plaintiff was denied a bed. See, (Aff. of Terence Banks par. __42__)

24. Upon arrival to Racine County Jail, the plaintiff was placed on a shower restriction because he could not get his bandage wet.

RESPONSE: dispute in part, for only (30)days. (Aff. of Terence Banks par. __5__)

25. Upon doctor approval to shower, the plaintiff was instructed to use the dayroom shower.

RESPONSE: No dispute

26. The dayroom showers are available to inmates on a daily basis 5:00am to 3:00am and 3:00pm to 10:00pm.

RESPONSE: dispute in part they were not available to me through them hours.(Aff. of Terence Banks par. 5 )

27. When the plaintiff had difficulty with the dayroom shower and requested a chair for use within the shower, Racine County Jail provided him with a chair.

RESPONSE: dispute, because it took the defendant's (11)months.See, (Aff. of Terence Banks par. 39 )

28. Following a request for a handicap accessible shower, Racine County Jail officers escorted the plaintiff to a handicap accessible shower in the d-wing, also known as the intake shower, which had grab rails.

RESPONSE: dispute, It took the defendant's (3)months and still it wasn't **adquate**.(Aff. of Terence Banks par. 39 )

29. A chair was placed in the handicap accessible intake shower.

RESPONSE: No dispute

30. The plaintiff was offered a shower at least three times a week and at most went five days without a shower.

RESPONSE: No dispute

31. Racine County Jail records reflect that more often than not, the plaintiff was provided the opportunity to shower in the handicap accessible shower three times a week but often refused.

RESPONSE: DISPUTE, plaintiff only refused when he was in pain and couldn't move.See,(Aff. of Terence Banks par. 15 )

32. As of December 17, 2014, the plaintiff was provided the opportunity to shower every day in the handicap accessible shower in take.

RESPONSE: No dispute

33. On March 17, 2014, in a Medical Progress Note, it was documented that the plaintiff requested a wheelchair, but the doctor did not prescibe one as medically nesessary.

RESPONSE: No dispute

34. On April 2, 2014, the plaintiff filed an Inmate request for medical attention form to medical staff requesting a wheelchair.

RESPONSE. No dispute

35. At no point during the plaintiff's incarceration at Racine County Jail did a doctor prescibe a wheelchair as a medical necessity.

RESPONSE: No dispute

36. The plaintiff claim regarding washing his wound and application of rash cream is against the nursing staff.

RESPONSE: No dispute

37. No medical professional ever prescribed a prosthetic; rather Dr. Hoff specifically stated that because the plaintiff had a functioning arm there was no need for a prosthetic.

RESPONSE: No dispute

38. It is Racine County Jail policy to remove mattresses during the hours of 6:00am to 3:00pm while inmates are placed in disciplinary segregation.

RESPONSE: No dispute

39. The plaintiff was only denied a mattress from 6:00am to 3:00pm only while he was placed in disciplinary segregation after he was found guilty of violating Racine County Jail policies.

RESPONSE: dispute, this was also the policy while Banks was on Administrative Segregation which was most of the time Banks was in Racine County Jail. See, (Aff. of Terence Banks par. __49__)

40. When the plaintiff was moved to disciplinary segregation in February 2014, he was not prescribed an extra blanket or compression socks.

RESPONSE: dispute, because even though he was not prescibed _extra_ blanket and compression socks he was still prescibed one of each which he was denied. See, (Aff. of Terence Banks par. __15__)

41. Inmates placed in segregation retain hygiene items, including a blanket.

RESPONSE: dispute, because you don't get it from 6:00am to 3:00pm. See, (Aff. of Terence Banks par. __13__)

42. When the plaintiff report difficulty opening his bag meals, he was thereafter **provided** his meal on a styrofoam tray.

RESPONSE: No dispute

43. Upon arrival to Racine County Jail, inmates are classified into one of three custody levels based on their criminal record, past confinement, adjustment, and disciplinary history.

RESPONSE: No dispute

44. The plaintiff received the highest custody classification-"Level 3 Maximum"-due to his extensive and serious criminal history and past confinement.

RESPONSE:No dispute

45. The plaintiff maintain this classification throughout his confinement at Racine County Jail, due in part to his significant disciplinary history within the jail.

RESPONSE:No dispute

46. Cells and dayroom showers for Level 3 Maximum inmates do not contain grab rails for safety and security reasons, including suicide concerns.

RESPONSE:No dispute

47. When the plaintiff first arrived to Racine County Jail, he was placed in various cells within Level 3 units referred to as "medical segregation"-a housing unit for inmates with special medical requirements pursuant to a request by jail medical staff.

RESPONSE:No dispute

48. The plaintiff made repeated requests to be moved out of segregation because he felt healthy enough to go to the general population.

RESPONSE:dispute, Banks was being mistreated and that's why he wanted to be moved and would do anything to be moved.(Aff. of Terence Banks par. 34 )

49. On January 13, 2014, with the approval of medical staff, the plaintiff was moved to a "General Population" cell within a Level 3 Maximum security pod.

RESPONSE:No dispute

50. Thereafter, the plaintiff began requesting to be moved to the E-wing, a low security dormitory portion of the jail that was newer and had more "handicap" accommodations, including shower grab rails. The plaintiff was denied this movement for security reasons.

RESPONSE:No dispute

51. An accused inmate may request an administrative hearing on any major rule violation.

RESPONSE:No dispute

52. Inmates are provided the opportunity to be present at a disciplinary hearing, make a statement and present relevant evidence.

RESPONSE:No dispute

53. A witness may be allowed to testify if it is not cumulative of other evidence and does not threaten the safety or security of the witness or facility.

RESPONSE: No dispute

54. A hearing officer may hear testimony outside the presence of the accused for security purposes.

RESPONSE: No dispute

55. Document as Incident#14-000043, Nurse Menring reported the Plaintiff had exposed himself to her. Nurse Menring immediately notified Officer Venegas, who observed the Plaintiff moving his hand from his groin.

RESPONSE: No dispute

56. Deputy Mark Heifner prepared an incident report for Incident#14-000043. He interviewed Nurse Menring about the incident and noted in the report that the plaintiff had exposed himself to Nurse Menring on at least three other occasions, had also exposed himself to Nurse Martinez and Ruskall, and that the repeated problem was brought to the attention of captain wearing. Deputy Heifner also interviewed the plaintiff as part of his investigation.

RESPONSE: No dispute

57. Correctional Officer Venegas completed a supplemental report regarding Incident#14-000043.

RESPONSE: No dispute

58. A disciplinary hearing was scheduled for January 24, 2014 concerning Incident#14-000043.

RESPONSE: No dispute

59. The plaintiff requested an advocate, requested to confront Nurse Menring, and requested two inmate witnesses: Gerell Rogers and Tyrone Austin.

RESPONSE: No dispute

60. The plaintiff was provided C.O. Olk as a staff advocate.

RESPONSE: No dispute

61. Ledezma denied the plaintiff request to confront Nurse Menring because she was unavailable at the time of the hearing.

RESPONSE: No dispute

62. Tyrone Austin unavailable as a witness because he had transferred out of Racine County Jail by the hearing date. Gerell Rogers was either unavailable or refused to appear as a witness.

RESPONSE: No dispute

63. As a result of the disciplinary hearing for Incident#14-000043,

the plaintiff was placed in disciplinary segregation for ten days.

RESPONSE: No dispute

64. Document as Incident#14-000428, Correctional Officer Noonan moved the plaintiff into disciplinary segregation on February 6, 2014. C.O. Noonan prepared an incident report, stating that upon arrival in disciplinary segregation, the plaintiff did not agree with the items he was allowed to have and refused to enter his cell. After assistance was requested, the plaintiff made a threat to C.O. Noonan. The statement was also heard by Correctional Officer Nelson.

RESPONSE: dispute in part that Banks threated C.O. Noonan. See, (Aff. of Terence Banks par. __13__)

65. A disciplinary hearing was scheduled for February 15, 2014 concerning Incident#14-000248.

RESPONSE: No dispute

66. The plaintiff requested two inmates witnesses: Larviso Brown and Tyrone Austin.

RESPONSE: No dispute

67. The Plaintiff was provided CO Olk as a staff advocate.

RESPONSE: No dispute

68. Sergeant Ledezma asked the plaintiff if he agreed with the discipline write up as it was written and the plaintiff stated that he did. Consequently, the plaintiff was found guilty by admissions.

RESPONSE: No dispute

69. Inmate Austin was no longer in custody at Racine County Jail at the time of the hearing and could not be called as a witness. Inmate Brown was not called due to the plaintiff's admissions.

RESPONSE: No dispute

70. As a result of the disciplinary hearing for Incident#14-000248, the plaintiff was placed in disciplinary segregation for fifteen days.

RESPONSE: No dispute

71. The plaintiff testified that Deputy Koldeway dipped his shoulder and ran into him or bumped him following comments he made over a prior medical issue while passing Deputy Koldeway in the hallway. The plaintiff testified that CO Peterson, who was escorting him at the time of the incident, prevented him from falling backwards and quickly came between the two to break it up.

RESPONSE: Banks gave a statement of the incident of what happened when CO Koldeway used excessive force, Banks had to see the nurse

~~[illegible]~~ because Roldeway pushed Banks so hard in his amputated arm and it was already sensitive and it started to bleed and it wouldn't stop and green stuff was coming out it.Banks continued to be in pain for days and Banks had to be placed on pain killers and the doctor explained that his wound had been reopened up.(Aff. of Terence Banks par. 45 ).

72.The plaintiff he did not fall to the ground.The plaintiff felt pain in the area of his arm wound.Following the incident,the Plaintiff went to medical for his regular dressing change.

RESPONSE:No dispute to CO pearson preventing the fall,dispute the rest.(Aff. of Terence Banks par. 45 )

Dated this 10 day of April ,2016.

*Terence A. Banks (Sr)*
Terence Banks #352255
(WSPF)P.O.Box 9900
Boscobel,Wis. 53805