IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARENCE BANKS,

    Plaintiff,

v.

NURSE LESLIE, ET AL.

    Defendants.

Case No. 14-CV-0381

**MEDICAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**NOW COME** the medical Defendants, Nurses Bill Coe, Leslie Patton, and Dana Mehring, and Nurse Practitioner Mahita Gone, by their attorneys, Siesennop & Sullivan, W. Patrick Sullivan and Steven T. Elmer, and they hereby submit this Reply Brief in Support of their Motion for Summary Judgment under Fed. R. Civ. P. 56.

### I. Banks Has Failed To Establish An Issue Of Material Fact Regarding Causation.

In their Summary Judgment filings, the Medical Defendants established that Banks acquired an infection at Froedtert hospital before being transferred to the jail. (Doc. 154, ¶ 15). This belies the allegation in his Complaint (Doc. 1) that an infection was caused by the Medical Defendants. No evidence exists that any act or omission of the medical Defendants caused or worsened his condition. Instead, Banks appears to claim in his response brief that his arm was only "slightly" infected at the hospital but was told by his doctor that "if treated correctly it would be cleared up in about 2 weeks." (Doc. 168, p. 3). For evidentiary support for this proposition, Banks cites an inadmissible hearsay statement in his affidavit. (Doc. 171, ¶¶ 25, 76). Hearsay evidence not otherwise admissible at trial is not admissible in summary judgment proceedings. (See Fed. R. Civ. P. 56).

The bottom line is that the Defendants have made a showing that Banks' infection pre-existed his incarceration at the jail. Banks has offered no admissible evidence contesting that, and none that causally links his claimed symptoms with the conduct of the medical defendants. Accordingly, Banks will be unable to meet his burden of proof as to the causation element of his claim at trial, and a jury cannot be permitted to guess as to causation – "when the evidence provides for only speculation or guessing, summary judgment is appropriate." *Hedberg v. Indiana Bell Telephone Co., Inc.,* 47 F.3d 928, 931-32 (7th Cir. 1995).

## II. Banks Has Failed to Establish an Issue of Material Fact Regarding Deliberate Indifference.

Banks claims that "the defendent's has [sic] not one document in there medical file showing that they showed the Plaintiff how to wash his hand." (Doc. 168, p. 2). Yet one of the complaints Banks himself submitted in opposition to summary judgment (Doc. 171-1, p. 30) records Banks stating "one of the Nurses told me that's not part of the job and to put a towel between my legs and do it that way." Banks' claim is thus disingenuous, not credible, and plainly contradicted by his own submissions.

Banks admits that he regularly received pain medication and that he received four different types of antibiotics. (Doc. 169, ¶ 19). He claims simply that they didn't work. Id. Banks also admits that his dressings were changed often (Doc. 170 ¶¶ 17, 19, 24, 27, 29, 32, 33, 34, 40, 41). Banks appears to claim that jail staff performed the wrong type of dressing change. However, a prisoner's dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient to prove a constitutional violation occurred. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Likewise, a prisoner's claim that the care he received was not as quick or

as efficient as he would have desired does not, without more, raise the claim to the level of a constitutional violation. *Lee v. Akture*, 827 F. Supp. 556, 560 (E.D. Wis. 1993).

Banks also claims that the medical records documenting his dressing changes are inaccurate (See Doc. 156-1, p. 10-11, 19). Banks provides no support for this claim other than conclusory statements in his affidavit. (Doc. 171). Conclusory statements in an affidavit, without other evidentiary support, are insufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004). Banks has done little more than rephrase his complaint in an affidavit. If that were all that a non-movant was required to do to defeat summary judgment, there would be little point to the summary judgment process. Banks' conclusory statements are contrary to the medical evidence and by themselves are not sufficient to raise an issue of material fact, because an inmate's bald allegations, without more, are insufficient to create a question of fact in a 42 U.S.C. § 1983 claim. *Patrick v. Jasper County*, 901 F.2d 561, 569 (7th Cir. 1990); *First Commodity Traders v. Heinold Commodities,* 766 F.2d 1007, 1011 (7th Cir. 1985)(conclusory allegations by the party opposing the motion cannot defeat the motion).

### III. Banks Has Failed to Exhaust His Administrative Remedies.

The Medical Defendants established that Banks failed to exhaust his administrative remedies. (See generally Doc. 39 and 39-7; Doc. 39-7, p. 95-97). Banks filed a variety of grievances (See Generally Docs. 39-7, 39-8, 39-9) but only two were related to his arm injury and he failed to timely appeal either of them. (Doc. 39-7, p. 95-97). Banks addresses his failure to exhaust his administrative remedies by claiming, with a citation only to his own affidavit, that he filed appeals but "[the defendants] didn't receive it." That is not sufficient to create an issue of material fact and Banks' claims should be dismissed.

Page 3 of 4
Case 2:14-cv-00381-PP   Filed 04/19/16   Page 3 of 4   Document 179

### IV. Nurse Practitioner Gone and Nurse Mehring are Additionally Entitled to Summary Judgment Because Banks' Claim Against Them is Invalid.

In his Brief Opposing Summary Judgment (Doc. 168), Banks does not mention a deliberate indifference claim, but states that it is his intent to pursue an ADA claim against NP Gone and Nurse Mehring. He does not mention a deliberate indifference claim. First, Banks was not cleared to proceed with an ADA claim against NP Gone or Nurse Mehring. (See Doc. 8 and Doc. 67). Second, as employees of a private contractor, Nurse Mehring and NP Gone cannot be sued under the ADA, and third, they are not responsible for making the Racine County Jail handicap accessible. See Generally the Americans with Disabilities Act, 42 USC § 126, covering "employment" and "public services." Finally, there are no allegations in the Complaint (Doc. 1) that would support an ADA claim against NP Gone and Nurse Mehring. NP Gone and Nurse Mehring are thus separately entitled to summary judgment.

### CONCLUSION

In conclusion, the Medical Defendants are entitled to summary judgment for the above stated reasons.

Respectfully submitted this 19th day of April 2016.

PO ADDRESS:
111 West Pleasant St., Suite 110
Milwaukee, Wisconsin 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199
psullivan@s-s-law.com
selmer@s-s-law.com

SIESENNOP & SULLIVAN
Attorneys for Defendants,
Leslie Patton, William Coe,
Dana Mehring, and Mahita Gone

*s/ Steven T. Elmer, Esq.*
W. Patrick Sullivan
State Bar No. 1006235
Steven T. Elmer
State Bar No. 1088018

Page 4 of 4
Case 2:14-cv-00381-PP   Filed 04/19/16   Page 4 of 4   Document 179