IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    Plaintiff,

v.                                                  Case No. 14-CV-0381

**NURSE LESLIE, ET AL.,**

    Defendants.

## MEDICAL DEFENDANTS' RESPONSE TO PLAINTIFF'S
## PROPOSED FINDINGS OF FACT

**NOW COME** the Medical Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Response to the Plaintiff's Proposed Findings of Fact. Banks' Proposed Findings of Fact are reproduced below as they appear in the original.

1. At all times relevant to this action the plaintiff (Banks) was a State County Inmate housed at Racine Jail. (Comp. par. 1)

**RESPONSE**: **No dispute** that Banks was a Racine County Jail from mid-November 2013 until he filed this suit in early April, 2014.

2. On 11/15/13, C.C. Castindina took me to 20 and asked Crist Robinson to help me with the things I couldn't do. This included changing my dressings. Because I had only (1) arm I had to accept this little help from another inmate. (Aff. of Terence Banks par. 4)

**RESPONSE**: **Dispute;** Banks' PFOF #2 contains hearsay statements not admissible in summary judgment proceedings. See Fed. R. Civ. P. 56.

3. On 11/18/13, I, spoke with Defendant Coe about getting my dressing changed. He said he would get to it when he had time. It didn't happen that day. (Aff. of Terence Banks par. 6)

**RESPONSE**: Self-serving statements in an affidavit without support in the record are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

4. Throughout the month of November I had to get help from other inmates that were thee at the jail and ____ (1) a week at most I would get the nurse to change my dressing but most of the time they would say that they are busy. (Aff. of Terence Banks par. 6)

**RESPONSE**: **Dispute.** The medical records indicate that Banks' bandage was changed at least 14 times in November 2013. (Doc. 154, ¶ 27; Doc. 156-1, p. 19 [page numbers are to ECF pagination]). Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

5. On 11/24/13, I asked Defendant Coe why I didn't get my bandages changed, he stated that I was not a priority. (Aff. of Terence Banks par. 8)

**RESPONSE**: **Dispute.** Medical records indicate that Banks' bandage was changed on November 24, 2013. (Doc. 156-1, p. 19). Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

6. On 11/25/13, Defendant Mehring seen me because I was having pain and she noted that I still had yellow drainage coming from my wounds, but did nothing. (Aff. of Terence Banks par. 9)

**RESPONSE**: **Dispute.** The medical records indicate that Banks' dressing was changed on November 25. (Doc. 156-1, p. 19). Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

7. On 11/29/13, I asked Nurse Paula why I didn't get my bandages changed and she stated she didn't know why, and that she would check into it but did nothing. (Aff. of Terence Banks par. 9)

**RESPONSE**: **Dispute**. This PFOF contains hearsay statements not admissible in summary judgment. See Fed. R. Civ. P. 56. Additionally, the medical records indicate that Banks' dressing was changed on November 29. (Doc. 156-1, p. 19). Unsupported, self-serving statements in an

affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

8. On 11/30/13, bandages were given to me to be changed by myself. (Aff. of Terence Banks par. 10)

**RESPONSE**: **No dispute,** but aver from PFOF ¶ 17 below that the wound was closed at this time.

9. The defendant's at all times refused to help me wash my hand so that I could attempt to change my dressing myself. (Aff. of Terence Banks par. 11)

**RESPONSE**: **No dispute** that the medical Defendants did not wash Banks' hand for him; **dispute** the second part of PFOF ¶ 9 insofar as it is ambiguous.

10. The Defendant's at all times refused to help me wash my hand after I use the restroom. (Aff. of Terence Banks par. 12)

**RESPONSE**: **No dispute.**

11. While being housed at Racine County Jail if I wanted my dressing changed I would have to pay a inmate in food trays to help me change my dressing. (Aff. of Terence Banks par. 13)

**RESPONSE**: **Dispute.** The medical record indicates Banks' dressing was changed regularly. (Doc. 154, ¶¶ 26-28; see generally Doc. 156-1).

12. During this time when they had medication pass I would speak to the Defendant's askinf them if they could help me change my dressing because I had other inmates helping me and that it was there job as medical staff to help me and I couldn't reach certain places at times when I had no one to help and hand was not clean when I was doing it. (Aff. of Terence Banks par. 14)

**RESPONSE**: **Partially dispute;** no dispute that Banks sometimes requested that staff change his bandage; dispute PFOF ¶ 12 to the extent it is unclear as to time, ambiguous and unintelligible.

13. On 11/21/13, I went to a appointment at Froedtert Hospital and I was told that I could take showers, and was never on a shower restriction, but not to get my bandages wet when I got in the shower. (Aff. of Terence Banks par. 15)

**RESPONSE**: **Dispute;** this proposed finding contains hearsay statements not admissible in summary judgment proceedings. See Fed. R. Civ. P. 56.

14. On 12/3/13, Defendant Coe and I spoke at med. Pass I asked him why I was not getting my dressing changed by medical staff and if he could change my dressing. He stated I thought that Mr. Robinson was changing your bandages. At that point it had been (2) days since my bandages had been changed. (Aff. of Terence Banks par. 16)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004). Aver from PFOF ¶ 17 below that the wound was closed at this time.

15. On 12/4/13 I offered to pay Mr. Robinson with canteen if he would help me everyday. (Aff. of Terence Banks par. 18)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

16. On 12/4/13, For the first time I took a shower on 2D and the smell from my wounds were so bad that both Mr. Robinson and myself were bothered. I ended up falling in the shower and my wound reopened back up. (Aff. of Terence Banks par. 18)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

17. On 12/5/13, I went to medical and the staff saw I had reopened the wound in my armpit, and the wound was treated with gauze. (Aff. of Terence Banks par. 19)

**RESPONSE**: **No dispute.**

18. On 12/7/13, I spoke to Defendant Coe about getting my bandages changed and Coe stated that we are trying to get you to medically change them yourself. (Aff. of Terence Banks par. 20)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

19. On 12/8/13, Defendant Coe changed my bandages and noted that I had drainage coming from my arm. (Aff. of Terence Banks par. 21)

**RESPONSE**: **No Dispute** that Nurse Coe changed the dressing on 12/8/13 and noticed a "scant" amount of drainage. (Doc. 156-1, p. 11).

20. Then the next (2) days my bandages were not changed and I put in a slip asking for help to change my dressing and that there was green puss coming from my arm. (Aff. of Terence Banks par. 22)

**RESPONSE**: **No dispute,** but aver that the bandage was changed upon receipt of the slip. Doc. 156-1, p. 11).

21. On 12/11/13, I seen Defendant Gone and she ordered daily bandages change. (Aff. of Terence Banks par. 23)

**RESPONSE**: **Partially dispute;** no dispute that Nurse Gone assessed Banks and included daily dressing changes as part of his treatment plan; dispute Banks' characterization of this as an "order." (See Doc. 156-1, p. 15).

22. For the next (7) days I had green drainage coming from my arm and redness that was sore. (Aff. of Terence Banks par. 24)

**RESPONSE**: **Dispute;** medical records indicate that there was a small amount of drainage on December 12, 13, 16, and 17, but none on December 14 and 15. (Doc. 156-1, pp. 10-11).

23. On 12/18/13, I went to Froedtert Hospital and was told by Dr. Uppal that my arm might have to be reopened up because a possible infection in the armpit, and stated that this needs to be properly done otherwise this will continue to happen. Then he ordered daily wet-to-dry bandages change twice per day. (Aff. of Terence Banks par. 25)

**RESPONSE**: **Dispute.** PFOF 23 contains hearsay statements not admissible in summary judgment proceedings. See Fed. R. Civ. P. 56.

24. On 12/19/13, my dressing was not changed, I asked Defendant Patton the next day why and she stated that though the medical order called for wet-to-dry dressing changes, they say a lot of things at Froedtert. She only put gauze on the wound and said you'll be ok. (Aff. of Terence Banks par. 26)

**RESPONSE**: **Dispute;** PFOF ¶ 24 contradicts itself. It states first that "my dressing was not changed" but then states "She only put gauze on the wound."

25. On 12/9/13, I wrote Defendant Friend about me not getting my bandages changed according to the medical order. On 12/13/13, and I also wrote to Friend about Defendant Coe telling me to wash my own arm because it wasn't there job as medical to do that. No response. (Aff. of Terence Banks par. 27)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004). The documents provided by Banks in Doc. 171-1 do not support this PFOF, and affirmatively aver that Nurse Patton responded to Banks' complaints on December 12, 2013. (Doc. 171-1, p. 5).

26. On 12/7/13, Defendant Coe refused to help me wash my arm at all. (Aff. of Terence Banks par. 28)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

27. On 12/20/13, Defendant Patton finally did the wet-to-dry change the right way. I had to do the change like Dr. Uppal did, which meant stuffing the wound with gauze. (Aff. of Terence Banks par.29)

**RESPONSE**: **Partially disputed;** no dispute that Banks' dressing was changed on 12/20/13; dispute to the extent that ¶ 27 contains argument and inadmissible hearsay from "Dr. Uppal."

28. On 12/21/13, bandages were not changed dispite the orders by Defendant Gone and Dr. Uppal. (Aff. of Terence Banks par.30)

**RESPONSE**: **No dispute** that Banks' bandage was not changed on 12/21/13. **Dispute** Banks characterization of NP Gone and Dr. Uppal's recommendations as "orders." No evidence in the record supports this characterization.

29. On 12/22/13, Defendant Coe did not have the right gauze so he put grease gauze on my arm. I told him this is not wet-to-dry. He said that, that was all they had and then told the C.O. he was done. (Aff. of Terence Banks par.31)

**RESPONSE**: **No dispute** that Nurse Coe changed Banks' dressing on 12/22/13. **Dispute** the remainder; nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

30. On 12/24/13, Defendant Coe refused to do wet-to-dry changes and stated the treatment was over with. (Aff. of Terence Banks par.32)

**RESPONSE**: **Disputed;** the medical record indicates that Banks' dressing was changed on 12/24/13. (Doc. 156-1, p. 10). Dispute the reminder of PFOF ¶30 to the extent it is vague and ambiguous.

31. On 12/25/13, the wet-to-dry changes wasn't being done anymore. I confronted Defendant Patton about this and also the fact that when it was done, it was wrong. And I explained that my wounds weren't getting better. She stated that she didn't have time for all that. (Aff. of Terence Banks par. 33)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

32. On 12/26/13, Defendant Coe did the wet-to-dry bandage change. I confronted him about his statement that the order had expired. Defendant Coe did the change the right way this time, meaning that he stuffed the wound with gauze. However, he stuffed the wound so hard that I jumped. The C.O. that was present witnessed this. I told Coe that he would never get a chance to do that again. (Aff. of Terence Banks par.34)

**RESPONSE**: The Defendants object to PFOF ¶ 32 as it contains at least 6 separate allegations of fact. **No dispute** that Nurse Coe changed Banks' dressing on 12/26/13; **dispute** the remainder as it is supported only by a conclusory statement in Banks' affidavit.

33. On 12/27/13, Defendant Coe did the wet-to-dry change of my bandage but I would not let him stuff the wound, because of what he did the day before. (Aff. of Terence Banks par. 35)

**RESPONSE**: **No dispute** that Banks' bandage was changed on 12/27/13. **Dispute** the remainder of PFOF 33**.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

34. On 12/28/13 & 12/29/13, Defendant Mehring didn't do the wet-to-dry protocol but just change the bandages. (Aff. of Terence Banks par. 36)

**RESPONSE**: **No dispute** that Banks' bandages were changed on 12/28 and 12/29. Otherwise, **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

*[Nos. 35 and 36 were skipped by Banks.]*

37. On 12/30/13 & 12/31/13, Defendant Patton didn't do the wet-to-dry dressing change even though I asked she just declined.

**RESPONSE**: **Dispute;** the medical records indicate that Banks' dressing was changed on 12/30 and 12/31. (Doc. 156-1, p. 10).

38. On 1/2/14 & 1/3/14 & 1/4/14 & 1/5/14, my bandages were not changed.

**RESPONSE**: **No dispute,** but affirmatively aver that the bandages were not changed on those dates because Banks refused treatment. (see Banks' PFOF ¶ 39 below).

39. On 1/2/14, I went to medical. I refused to allow Defendant Coe to change my bandages because he kept trying to hurt me but I didn't want Coe doing it someone else and they wrote I refused treatment.

**RESPONSE**: **No dispute** that Banks refused to have his dressing changed on 1/2/14. **Dispute** the remainder of ¶ 39; nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not

sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

   40. On 1/6/14, When Patton changed my dressing she said that I had drainage.

**RESPONSE**: **No dispute** that Banks dressing was changed on 1/6/14; dispute that the record establishes any evidence that there was drainage.

   41. On 1/7/14, Defendant Coe changed my dressing but we argued because of how he was handling me and my wound.

**RESPONSE**: **No dispute** that Banks' dressing was changed on 1/7/14; otherwise **dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

   42. On 1/8/14, Defendant Mehring and I had words about my compression socks. I also complained about not getting my bandages changed daily. I argued that I had the compression socks from the hospital and that it was evident that my leg was huge and I needed the compression socks. I told her that I was going to sue.

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004). In any event, Banks was not cleared by the screening order (Doc. 8) to proceed with a claim regarding his compression socks.

   43. On 1/9/14, I was told that I could get fitted for a prosthetic arm at the hospital.

**RESPONSE**: **Disputed.** PFOF ¶ 43 is comprised of inadmissible hearsay. See Fed. R. Civ. P. 56.

   44. On 1/10/14, I was given bandages to change my own self.

**RESPONSE**: **No dispute.**

   45. On 1/28/14, Defendant Gone authorized for the medical staff to give me bandages to change my own arm. Defendant Gone also authorized that my bandages get changed evey (3) days.

**RESPONSE**:  **No dispute** that Banks was provided with bandaids on 1/28/14; **dispute** the second sentence of PFOF ¶ 45 as it is ambiguous. The record indicates that Nurse Gone provided Banks bandaids and that Banks should change his own bandaids daily and prn [as needed]. Doc. 156-1, p. 4).

46. The whole time I was at Racine County Jail not one nurse washed my right arm and told them more than (30) times that I needed it washed.

**RESPONSE**:  **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

47. The whole time I was at Racine County Jail the nurses washed it (10) times my back and I told them more than (30) times I needed help.

**RESPONSE**:  **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

48. On January 6, 2016, Attorney (Jaclyn C. Kallis) sent me a letter saying, Enclosed please find an Amended Response to Plaintiff's Request for Production of Document's and Other Things to Defendant Schmaling (Dkt. 87-2). Also enclosed please find copies of the videos of your meeting with Attorney Lanzdorf and your interview by Tracy Hintz. To play the videos, open the DVR player and select the file in the right-hand screen. To hear audio, right click the video image and click "audio out." For the attorney Lanzdorf meeting, audio can be access from camera 2. With regard to the video of your meeting with Attorney Lanzdorf, it is inadmissible as evidence pursuant to Federal Rule of Evidence 408. Ex. P

**RESPONSE**:  **No dispute.**

49. I have not ever been showed by the Defendant's how to wash my (1) hand while being housed at Racine County Jail.

**RESPONSE**:  **Dispute.** Banks own submission (Doc. 171-1 p. 30) indicates that he was instructed on how to wash himself.

50. On 12/12/13, Banks wrote to HSU in part I would like to know [sic]

**RESPONSE**: **Dispute;** PFOF 50 is unintelligible as written.

*[Banks begins repeating numbers; thus there are multiple Nos. 48, 49, and 50]*

48. On 2/1/14, I wrote to HSU asking for help and some kind of pain medication because I am in a great deal of pain and I also still have a hole in my left arm and I would like to have a discussion on how I am to clean my arm and would like to have help with the dressing. A unknown person wrote back wound healing some open area to skin, continue to use bandage. (Aff. of Terence Banks par. 51)

**RESPONSE**: **No dispute** generally; (See Doc. 171-1, p. 6) **Dispute** the last sentence. The response states "[no] open area to skin, [no] tunneling, [no] discharge seen, continue with using bandaid prn."

49. On 1/9/14, The Plaintiff went to Froedtert Hospital and was told that he need to change dressing daily with dry gauze, has a lateral incision and also wet-to-dry dressing changes once daily. ) Aff. of Terence Banks par. 52)

**RESPONSE**: **Dispute.** PFOF ¶ 49 is comprised of inadmissible hearsay statements. See Fed. R. Civ. P. 56.

50. On 1/3/14, I wrote to HSUI would like my dressing changed and my medication please. Some unknown person wrote back Dressings being done Has Appt. with outside MD soon. Note: I never got the dressing change done. (Aff. of Terence Banks par. 53)

**RESPONSE**: **Generally no dispute**, but aver that the dressing changes were not done because Banks was refusing care. See PFOF ¶ 39 above.

51. On 2/6/14, I wrote to HSU asking about my arm and back being washed and if they were supposed to be doing it because it was not happening, and I have clear open wounds on my arm and skin is very irritated. Some unknown person wrote back rash noticed before issues was addressed. Note: these issues were not addressed. (Aff. of Terence Banks par.54)

**RESPONSE**: **No dispute** that Banks wrote such a request (Doc. 171-1, p. 9) but **dispute** his characterization of the response – it states "[no] rash noticed before, issue was addressed."

52. On 12/15/14, I wrote to HSU, I would like to know if I have a infection in my arm cause that's the reason they are keeping me on med seg. Can I please get a written response and can I please get a response to my other request I sent. No response. (Aff. of Terence Banks par. 55)

**RESPONSE**: **No dispute** that Banks submitted such a request on 12/15/13, and no dispute that he did not receive an immediate response in writing, but aver that Banks' dressing was changed the next day (Doc. 156-1, p. 10).

53. In Admissions #29, Nurse Leslie was impposed asking: I was generally known and accepted in December 2013 that the best way to prevent the spread of bacteria and other germs was through proper handwashing. Her answer was "objection, deny that handwashing is the best way to prevent the spread of bacteria at all times and under all circumstances. Admit that handwashing is a generally affective way to limit the spread of bacteria and other germs in many circumstances. (Aff. of Terence Banks par. 56)

**RESPONSE**: **Generally no dispute,** but PFOF ¶ 53 does not reproduce the discovery response exactly as written. The Response speaks for itself.

54. In Admissions #30, Nurse Leslie was imposed asking: It was clearly difficult for me to engage in proper handwashing, given that I had only one hand. Her answer was "objection, Individuals with a missing or disabled hand, or a hand immobilized in a cast, routinely wash their single functioning hand with little or no difficulty. You were instructed on how to wash your hand. (Aff. of Terence Banks par. 57)

**RESPONSE**: **Generally no dispute**, but PFOF ¶ 54 does not reproduce the discovery response exactly as written. The Response speaks for itself.

55. In Admissions #34, Nurse Leslie was imposed asking: Exhibit 2k page 2 contains a medical recommendation for wet to dry dressing to be applied to my surgical site twice daily, or at least one time daily. Her answer was Admit. (Aff. of Terence Banks par. 58)

**RESPONSE**: **Generally no dispute**, but PFOF ¶ 55 does not reproduce the discovery response exactly as written. The Response speaks for itself.

56. In Admissions #35, Nurse Leslie was imposed asking: My dressings were not changed 2 times daily by RCJ medical staff following the receipt of Exhibit 12. Her answer was Objection, Admit that RCJ medical staff did not change your dressing twice daily every day indefinitely after 12/13/13, otherwise, Deny. (Aff. of Terence Banks par. 59)

**RESPONSE**: **Generally no dispute**, but PFOF ¶ 56 does not reproduce the discovery response exactly as written. The Response speaks for itself.

57. On 12/9/13, Banks wrote a Complaint/Grievance about not getting his bandages changed along with the proper care in regards to his dressing since he been at Racine County Jail. It was received on 12/9/13 SIG & PR#DP9508, the plaintiff never received anything after

that so he appealed to the Jail Administrator, but received no responses. (Aff. of Terence Banks par. 60)

**RESPONSE**: The medical Defendants object to PFOF ¶ 57 as it contains at least 4 separate allegations of fact. **No dispute** that Banks submitted a complaint. **Dispute** that he submitted an appeal, as the cited document is only a "inmate request/complaint." There is no evidence cited that indicates Banks appealed. (Doc. 171-1, p. 29).

58. On 12/12/13, Banks filed a Complaint/Grievance about not getting help to was arm and legs and back and that the medical wasn't answering the request slips. It was received on 12/12/13 SID & PR#W9312, the plaintiff never received anything after that so he appealed to the Jail Administrator, but received no responses. (Aff. of Terence Banks par.61)

**RESPONSE**: The medical Defendants object to PFOF ¶ 58 as it contains at least 4 separate allegations of fact. **No dispute** that Banks submitted a complaint/request. **Dispute** that he submitted an appeal, as the cited document is only a "inmate request/complaint." The cited evidence does not indicate that Banks appealed. (Doc. 171-1, p. 30).

59. On 12/10/14, Banks filed a Complaint/Grievance about a rash and getting help to wash back and arm and plaintiff received a response back on 12/11/14 saying if the rash comes back, you will need to write to medical. Capt. Wearing. (Aff. of Terence Banks par. 62)

**RESPONSE**: **No dispute,** but It should be noted that the date on the cited document is December 10, **2014**, not December 10, **2013**, i.e. Banks filed this grievance eight months after he first filed his lawsuit. This PFOF is highly misleading and entirely irrelevant.

60. On 2/6/14, Banks filed a Complaint/Grievance about not getting his arm and back washed along with medical assistance. Capt. Wearing wrote back see response on 2/7/14. Then the Plaintiff appealed to the Jail Administrator with no response. (Aff. of Terence Banks par. 63).

**RESPONSE**: **No dispute** that Banks submitted a complaint/request; **Dispute** that he appealed as the cited evidence does not support the contention that he appealed.

61. On 2/7/14 Banks filed a Complaint/Grievance about not getting his arm and back washed and pain and irritated skin. On 2/12/14 Capt. Wearing wrote back saying medical states that they showed you how to address this issue. Plaintiff appealed to the Jail Administrator but received no response. (Aff. of Terence Banks par. 64)

**RESPONSE**: **No dispute** that Banks submitted a complaint/request; **Dispute** that he appealed as the cited evidence does not support the contention that he appealed.

62. The Defendant's admit that some of the grievance forms don't have carbon copies and I sent in some that didn't hav carbon copies yet they fail to produce any of them document's. (Aff. of Terence Banks par. 65)

**RESPONSE**: **Dispute.** The cited document does not support the allegations in PFOF ¶ 62.

63. I filed over (15) different grievances that the Jail couldn't find during discovery. (Aff. of Terence Banks par. 66)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

64. The Defendant's did not produce all of the records in there Affidavit that they submitted. (Aff. of Terence Banks par.67)

**RESPONSE**: **Dispute;** PFOF ¶ 64 is unintelligible as written.

65. Tylenol #3 are only used to treat moderate pain. (Aff. of Terence Banks par.68)

**RESPONSE**: **Dispute.** Banks cites only to his affidavit, where he simply repeats this contention. There is no evidence in the record establishing that Banks has the medical knowledge sufficient to attest to the cited information. As such the allegation is conclusory and should be disregarded.

66. I told the nurses more then (15) times that the antibiotic's were not working. (Aff. of Terence Banks par. 69)

**RESPONSE**: **Dispute.** Nothing in the record other than Banks' own conclusory statement in his affidavit supports this allegation. Unsupported, self-serving statements in an affidavit are not sufficient to create an issue of material fact. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 504 (7th Cir. 2004).

67. The document's of Ex. 1 presented by the defendant's don't all have dates on them. (Aff. of Terence Banks par. 70)

**RESPONSE**: **Generally no dispute,** but object to PFOF ¶ 67 as it is vague and ambiguous.

68. I asked to be moved out seg. med. Because I was having a lot of problems with the CO's. (Aff. of Terence Banks par. 71)

**RESPONSE**: **Dispute**; medical records indicate Banks asked to be moved to general population because "I feel like I'm healthy enough to go to GP." (Doc. 156-1, p. 5).

69. Not all post-surical's amount to infections. (Aff. of Terence Banks par.72)

**RESPONSE**: **No dispute** that not all post-surgical wounds become infected.

70. Infections are not common in institutions settings. (Aff. of Terence Banks par. 73)

**RESPONSE**: **Dispute.** Banks cites only to his affidavit, where he simply repeats this contention. There is no evidence in the record establishing that Banks has the medical knowledge sufficient to attest to the cited information. As such the allegation is conclusory and should be disregarded.

71. As long as there right care is there for a patient that has a infection it should not be kong until it is cleared up. (Aff. of Terence Banks par. 74)

**RESPONSE**: **Dispute.** Banks cites only to his affidavit, where he simply repeats this contention. There is no evidence in the record establishing that Banks has the medical knowledge sufficient to attest to the cited information. As such the allegation is conclusory and should be disregarded.

72. Banks was unable to sleep at times because he was not given his (3)mattreses and was in pain. (Aff. of Terence Banks par. 75)

**RESPONSE**: **Dispute;** PFOF ¶ 72 is vague and ambiguous.

73. Dr. Uppal of Froedtert told Banks if everything was done correctly that his infection would be cleared up in about (2) weeks. (Aff. of Terence Banks par. 76)

**RESPONSE**: **Dispute.** PFOF ¶ 73 is comprised of inadmissible hearsay. See Fed. R. Civ. P. 56.

Dated this 19th day of April 2016.

        SIESENNOP & SULLIVAN
        Attorneys for Defendants,
        Leslie Patton, William Coe,
        Dana Mehring, and Mahita Gone

        *s/ Steven T. Elmer*
        W. Patrick Sullivan
        State Bar No. 1006235
        Steven T. Elmer
        State Bar No. 1088018

PO ADDRESS:
111 W. Pleasant St., Suite 110
Milwaukee, WI 53212
Telephone: 414-223-7900
Facsimile: 414-223-1199
psullivan@s-s-law.com
selmer@s-s-laaw.com

Page 16 of 16
Case 2:14-cv-00381-PP   Filed 04/19/16   Page 16 of 16   Document 181