IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TARENCE BANKS,**

    Plaintiff,

v.                                Case No. 14-CV-0381

**NURSE LESLIE, ET AL.,**

    Defendants.

## MEDICAL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MEDICAL DEFENDANTS' PROPOSED FINDINGS OF FACT

**NOW COME** Defendants, Nurses Leslie Patton, William Coe, and Dana Mehring and Nurse Practitioner Mahita Gone ("the Medical Defendants"), and they hereby submit this Reply to Plaintiff's Response to the Medical Defendants' Proposed Findings of Fact. Banks' responses are reproduced below as they appear in the original.

14. While at Froedtert Hospital being treated for his shotgun wound, Banks developed a bacterial infection in his wound area.

    Response: No dispute, but dispute as it was continued because the Plaintiff under went a operation and the infection was stopped.

**REPLY**: Banks provides no citation to the record to support his statement, thus there is no basis for Banks' dispute of the proposed fact.

15. Specifically, a note from Froedtert Hospital dated 10/26/13 states "…[Banks] has experienced fevers to 102 degrees F and had a positive wound culture for pseudomonas (pansensitive). ID ]infectious disease] was consulted and the patient was started on Zosyn, likely for a prolonged duration due to the patient's hardware in the infected field." (Id)

    Response: No dispute, but dispute [infectious disease] was consulted and the patient was started on Zosyn, likely for a prolonged duration due to the patient's hardware in the infected field." (Id) See, Aff. of Terence Banks par. 15) At no time does the Froedtert Hospital say this, this is only a assumption as to the nurses of racine county jail.

**REPLY**: Banks' statement is flatly incorrect. The document reference is a Froedtert Hospital record, not one created by Racine County Jail medical staff. Additionally, ¶ 15 of Banks' affidavit is comprised of an inadmissible hearsay statement that is prohibited by Fed. R. Civ. P. 56.

16. Thus, an infection in banks wound pre-dated his admission to the jail.

    Response: dispute, It clearly states that he under went the operation for this and this is no where in the record that says Banks came to racine county jail with a infection. See, (Aff of Terence Banks par. 15)

**REPLY**: The document establishes that Banks' wound was infected at the hospital and he was provided with antibiotics *after* the operation. Additionally, ¶ 15 of Banks' affidavit is comprised of an inadmissible hearsay statement.

17. In her role as a licensed healthcare provider at the Racine County Jail Health Services Unit (HSU) Nurse Patton had access to inmate medical records and charts, including progress notes, problems oriented records, written inmate requests for medical care (Medical Slip), medical administration records (MAR), and other medical records, and she has reviewed those document's for Banks as they pertain to this matter. Pertinent portions of those records are attached as Exhibit 1 (Patton Dec., & 4, Exhibit 1.)

    Response: No dispute as to what Nurse Patton does, but dispute that all medical records are there. See, (Aff. of Terence Banks par. 67)

**REPLY**: Medical Defendants' PFOF ¶ 17 states that "pertinent portions" of the records were attached.

19. Over the next several months, jail medical staff treated Banks' amputation wound in a variety of ways; by regularly changing his dressing, providing antibiotics, and by providing pain medication. (See generally Ex. 1)

    Response: No dispute that Banks was given pain medication, dispute that Banks was given medication that work and the Plaintiff Banks changed his own or hand someone else change his dressing. (Aff. of Terence Banks par. 4-76)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. The medical records indicate that Banks' dressing was changed regularly. (See e.g. Doc. 156-1, p. 10, 11, 19).

21. Tylenol #3 is an opiate painkiller comprised of Codeine and Tylenol used to treat moderate to severe pain. (Patton Doc. #17)

Response: No dispute as to Tylenol #3 used to treat moderate pain, dispute as to Tylenol #3 used to treat severe pain. (Aff. of Terence Banks par. 68)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. There is no evidence in the record that Banks is knowledgeable of the uses of certain types of medication.

22. At the jail, Banks also received Ciproflaxin, Cephalexin, Lavofloxacin, and Bactrim, all antibiotic drugs.

Response: No dispute, dispute as to the antibiotic drugs working. (Aff. of Terence Banks par. 69)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. There is no evidence in the record that Banks is knowledgeable of the uses of certain types of medication.

24. Banks refused his Tylenol in February and March 2014 (Patton Dec. Ex. 1, p. 358-59, 363-64)

Response: No dispute to refusing the Tylenol because it was regular Tylenol not for pain and it was not working at all for severe pain so at time's it was not taken. (Aff. of Terence Banks par. 68)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. There is no evidence in the record that Banks is knowledgeable of the uses of certain types of medication. Additionally, the cited portion of Banks' affidavit does not support this statement.

25. In addition to the regular administration of painkillers and antibiotics, Banks' wound dressing was changed regularly at the jail. (See general Patton Dec., Ex. 1)

Response: dispute Banks' dressing was only changed when he was not in pain and attempt to change it his self or pay onther inmates to change it for him. (Aff. of Terence Banks par. 4)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. The medical records indicate that Banks' dressing was changed regularly. (See e.g. Doc. 156-1, p. 10, 11, 19).

27. Accordingly, Banks spent 18 days in the jail in November 2013. (id) His dressing was changed at least 14 times in November 2013 by medical staff. (Patton Dec. Ex. 1, p. 197 documents the November dressing changes.)

Response: dispute, The document that the defendant's refer to does not even have a date on it to determine when this was, also when they were changed it was Plaintiff or other inmates. (Aff. of Terence Banks par. 70)

**REPLY**: Banks' citation is to a conclusory statement in his affidavit. The medical records indicate that Banks' dressing was changed regularly by jail medical staff. (Doc. 156-1, p. 10, 11, 19). See also the supplemental declaration of Leslie Patton, filed herewith.

28. Banks' wound dressing was changed by medical staff at least 22 times in December of 2013. (Patton Dec. Ex. 7, p. 179-180 document the December dressing changes.)

    Response: dispute according to the own document's the defendant's has supplied they only changed the dressing (15) times but that is not true because the Plaintiff was the one changing the dressing along with other inmates.

**REPLY**: Banks provides no citation to any evidence to support this statement. The medical records indicate that Banks' dressing was changed regularly by jail medical staff. (Doc. 156-1, p. 10, 11, 19).

31. Banks refused to have his dressing changed on January 2, 2014, stating, "I don't want to have my dressing changed anymore." (Patton Dec. Ex. 7, p. 177-178)

    Response: dispute, Banks never stated that to the Nurse. See (Aff. of Terence Banks par. 39)

**REPLY**: Banks cites to a conclusory statement in his affidavit. Doc. 156-1 p. 7 documents Banks' statement.

35. Jail medical staff provided Banks with bandages and instructed him on how to change his dressing himself. (Patton Dec. Ex. 7, p. 170)

    Response: No dispute that Banks was given bandages, but dispute as to he was instructed on how to change dressing.

**REPLY**: Banks provides no citation to any part of the record to support this dispute.

36. Banks sent an Inmate Medical Request to jail medical staff on January 13, 2014 stating that he felt healthy enough to be transferred to the general population. (Patton Dec. Ex. 1, p. 170)

    Response: No dispute, but Banks said that because he was being treated like he was in segregation and most of the time not being able to shower the guards were doing all kinds of things to him. (Aff. of Terence Banks par. 71)

**REPLY**: Banks' statement does not actually dispute PFOF ¶ 36.

38. Banks is right handed; he lost his non-dominant hand/arm.

Response:  No dispute but the defendant's didn't know this under after the Plaintiff filed this law suit.

**REPLY**: Banks' statement does not actually dispute PFOF ¶38; Banks also provides no citation to support this contention.

39. Jail medical staff had made a medical judgment that, for rehabilitation purposes, Banks needed to attempt to adapt to living his life with one arm. (You need to exercise your [right arm/use it… as you can.") (Patton Dec. 26-27, Patton Dec. Ex. 7. p. 190)

Response:  dispute because the Plaintiff should have been provided with the correct things such as, flannel strap and wash mitt, lotion and was mitt, massaging foot spa, foot brush, terry cloth antimicrobial wash mitts, soapy soles, back scrubber, sponge wash mitt, soap soles elite, curved bath brush, See Ex. C

**REPLY**:  Banks statement does not actually dispute PFOF ¶ 39.

41. By January 2014, Banks' amputation wound had healed with exception of two small open areas. (Ex. 1, p. 192, 163)

Response:  dispute Banks amputated wound was not fully healed by January 2014.

**REPLY**:  Banks provides no citation to any part of the record in support of his response.

43. Infections are common in post-surgical wounds. (Coe Dec., &15)

Response:  dispute, not all post-surgical's amount to infections. (Aff. of Terence Banks Par. 72)

**REPLY**:   Banks' statement does not dispute PFOF ¶ 43.

44. Infections are common in institutional settings such as hospitals and jails. (Coe Dec. & 14)

Response:   dispute, not all infections are common in institutional settings. (Aff. of Terence Banks par. 73)

**REPLY**:    Banks' citation is to a conclusory statement in his affidavit. There is no evidence in the record that indicates Banks is qualified to make such a statement.

45. Infections can occur even when optimal care and treatment is provided. (Coe. Dec. & 16)

Response:  dispute, because when the right care is taken after there treatment there shouldn't be any infections as long as everything is done correctly. (Aff. of Terence Banks par. 74)

**REPLY**:  Banks' citation is to a conclusory statement in his affidavit. There is no evidence in the record that indicates Banks is qualified to make such a statement.

Dated this 19th day of April 2016.

          SIESENNOP & SULLIVAN
          Attorneys for Defendants,
          Leslie Patton, William Coe,
          Dana Mehring, and Mahita Gone

          *s/ Steven T. Elmer*
          W. Patrick Sullivan
          State Bar No. 1006235
          Steven T. Elmer
          State Bar No. 1088018

PO ADDRESS:
111 W. Pleasant St., Suite 110
Milwaukee, WI 53212
Telephone:  414-223-7900
Facsimile:  414-223-1199
psullivan@s-s-law.com
selmer@s-s-law.com