UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**TARENCE BANKS**,

                Plaintiff,

v.                                              **Case No. 14-cv-381-pp**

**LESLIE PATTON, et al.**,

                Defendants.
_____

**ORDER FOR HEARING TO DETERMINE WHETHER THE PLAINTIFF EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES**
_____

On March 21, 2016, defendants William Coe, Mahita Gone, Dana Mehring, and Leslie Patton (the "Medical Defendants") filed a motion for summary judgment. Dkt. No. 152. That same day, defendants Shawn Barker, Joshua Evans, Bradley Friend, Melissa Gonzales, Nick Koldeway, Porfirio Ledezma, Melissa Moran, Patrick Noonan, Christopher Schmaling, and Douglas Wearing (the "Jail Defendants") filed their own motion for summary judgment. Dkt. No. 146. Both motions now are fully briefed and ready for the court's decision.

In addition to arguing the merits of the plaintiff's claims, both the Medical Defendants and the Jail Defendants argue that the claims against them should be dismissed because the plaintiff failed to exhaust available administrative remedies. Specifically, their argument is that the plaintiff failed to appeal, as required by the Racine County Jail's grievance policy, any of the more than sixty grievances he filed. The Jail Defendants also argue that the

1

plaintiff failed to appeal the outcome of various disciplinary proceedings within the timeframe allowed by the relevant policy. The plaintiff argues that his claims should not be dismissed on this basis because he filed many appeals but never received any response, he was told to informally present his complaints outside of the grievance process, and, in at least two instances, he couldn't appeal because he never received a decision on the grievances.

The Prisoner Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before he may challenge the conditions of his confinement in federal court. Wagoner v. Lemmon, 778 F.3d 586, 588 (7th Cir. 2015) (citing 42 U.S.C. §1997e(a)). In a case where there are questions of fact regarding whether a petitioner exhausted his administrative remedies, a court must conduct an evidentiary hearing on exhaustion to resolve the issue. See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). "A Pavey hearing serves a limited but important role: it helps the judge decide whether the court or the prison is the proper forum for the prisoner's grievance. A proper Pavey hearing should be conducted *before* an adjudication on the merits." Wagoner, 778 F.3d at 588 (emphasis in original).

Here, the plaintiff states, in part, that his timely appeals of the grievance decisions went unanswered; the Medical and Jail Defendants disagree, stating that the plaintiff either failed to appeal the grievances or did not do so in a timely manner. The Seventh Circuit has been clear that district courts must resolve credibility contests such as this one by holding an evidentiary hearing, and that they must do so "separate from and before considering a motion for

2

summary judgment." Id. at 593; see Roberts v. Neal, 745 F.3d 232, 234 (7th Cir. 2014).

Accordingly, before deciding the defendants' motions for summary judgment, the court will hold an evidentiary hearing to determine whether the plaintiff exhausted available administrative remedies before he filed his lawsuit. The court will enter a separate order setting a date and time for the hearing.

In addition, given the complexity of this issue and the number of defendants, the court will recruit counsel for the limited purpose of representing the plaintiff at the hearing.

Finally, in light of the hearing and the possibility that it could end the case if the court finds that the plaintiff did not exhaust the available administrative remedies, the court will defer ruling on the Jail Defendants' and the Medical Defendants' motions for summary judgment (Dkt. Nos. 146, 152). If the court determines that the plaintiff did exhaust available administrative remedies or that such remedies were unavailable to him, the court will consider and rule on the motions at that time.

The court further **ORDERS** that it will schedule, via a separate order, a date and time for an evidentiary hearing to determine whether the plaintiff exhausted available administrative remedies before filing his lawsuit. The court

3

will recruit counsel for the limited purpose of representing the plaintiff at this hearing.

Dated at Milwaukee this 16th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge