# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TARENCE BANKS**,

        Plaintiff,

v.                                 **Case No. 14-cv-381-pp**

**LESLIE PATTON, et al.**,

        Defendants.

---

## DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS OR OBJECTIONS TO ADMISSIONS (DKT. NO. 116) AND MOTION TO COMPEL (DKT. NO. 143)

---

On December 15, 2015, the plaintiff, who is representing himself, filed a motion to determine the sufficiency of answers or objections to requests to admit that he had served upon defendants Barker, Friend, Gonzales, Koldeway, Ledezma, Moran, Noonan, Evans, Schmaling and Wearing (collectively referred to as the Jail Defendants). Dkt. No. 115. The Jail Defendants responded to the motion on December 23, 2015 (Dkt. No. 121), and the plaintiff replied in support of his motion on January 4, 2016 (Dkt. No. 125).

On January 5, 2016, the court scheduled a hearing for January 20, 2016, to address, among other things, the plaintiff's motion. Prior to the hearing, the Jail Defendants indicated that they would be willing to mediate the case (Dkt. No. 127), so on January 12, 2016, the court referred the part of the case involving the Jail Defendants to a magistrate judge for mediation. The hearing proceeded as scheduled on January 20. At the hearing, the plaintiff

1

and the Jail Defendants agreed that the court should delay addressing the plaintiff's motion in light of the scheduled mediation.

On March 7, 2016, the plaintiff filed a motion to compel against defendant Gone (who is not one of the Jail Defendants) (Dkt. No. 143); on March 21, 2016, the Jail Defendants filed a motion for summary judgment (Dkt. No. 146); and also on March 21, 2016, the other set of defendants (collectively referred to as the Medical Defendants) filed a motion for summary judgment (Dkt. No. 152). All of these motions are fully briefed and ready for the court's decision.

On April 4, 2016, Magistrate Judge William Callahan notified the court that he had cancelled the mediation. Dkt. No. 166. He explained that, after consulting with the parties, he had determined that, given the current posture of the case, a mediation would be an exercise in futility and a waste of resources. Id.

The court began to evaluate the defendants' motions for summary judgment, and noted that both sets of defendants argued that the plaintiff's lawsuit must be dismissed because he had failed to exhaust the available administrative remedies before filing his lawsuit, as required by the Prison Litigation Reform Act. On August 2, 2016, the court held an evidentiary hearing to examine whether the defendants' arguments had any merit.

In order to streamline this case, the court will address the plaintiff's December 15, 2015 motion to determine sufficiency (Dkt. No. 116) and the plaintiff's March 7, 2016 motion to compel (Dkt. No. 143). The court will issue

2

a separate order containing its decision on the exhaustion issue and, if necessary, the motions for summary judgment.

   I.   The Plaintiff's Motion to Determine the Sufficiency of Answers or Objections to Admissions

In his brief in support of the motion to determine sufficiency, the plaintiff concedes that the Jail Defendants provided responses to his requests for admissions. Dkt. No. 117 at 1. He first argues that the court ought to deem all of the requests he filed with the court at Dkt. No. 75 as admitted because he received them thirty-one days after he propounded his request, when the Jail Defendants were required to provide their responses within thirty days. Id. at 12. Second, he goes through, in detail, the responses he received to other requests, and argues that the court should deem those requests admitted because he believes they did not respond to the questions he asked, or that they are evasive, or that they misstate facts, or that they were not made in good faith. In all, he took issue with thirty-seven of the Jail Defendants' responses.

The Jail Defendants responded that their discovery responses were timely (they argue that the plaintiff miscalculated the thirty-day deadline); that the plaintiff never attempted to confer with them about the sufficiency of their responses before filing his motion; and that every one of their responses met the standards laid out in the Federal Rules of Civil Procedure. Dkt. No. 121.

The plaintiff replied that he wasn't required to try to work things out with the defendants before filing his motion, because he hadn't filed a motion to compel. Dkt. No. 125. He reiterated that the responses to Dkt. No. 75 were

3

untimely. And he reiterated his arguments as to why some of the responses were, in his view, unacceptable.

Federal Rules of Civil Procedure 37(a), which is entitled "Motion for an Order Compelling Disclosure or Discovery," discusses the different kinds of motions that a person could file relating to discovery disputes. Rule 37(1)(3) discusses motions to compel a party to turn over Rule 26(a) initial disclosures that it failed to provide; motions to compel an answer, designation, production or inspection of discovery; motions to deal with evasive or incomplete disclosures, answers or responses. The rule makes clear that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Rule 37(a)(4). Rule 37(a) mandates that along with *any* of those kinds of motions, the party must file a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Civil Local Rule 37 requires that all motions to compel disclosure or discovery pursuant to Federal Rules of Civil Procedure 26 through 37 be accompanied by a written certification from the movant that he has, in good faith, unsuccessfully attempted to confer with the opposing party in order to resolve the discovery dispute without the court's involvement.

It does not matter what title the plaintiff puts on the top of his motion; the fact that he did not call it a motion to compel is irrelevant. When one reads the motion, it is clear that the plaintiff is asking the court to impose a sanction against the Jail Defendants for failing to comply with the discovery rules.

4

Deeming requests admitted—even when they were not—is a sanction. The point of Rule 37(a) is to make sure that when any discovery dispute arises, a party's first step is to try to resolve the dispute with the other party. The rule does allow a court to impose sanctions on a party who deliberately fails to comply with the rules, but it doesn't allow the court to impose those sanctions until the party has first tried to work things out with the other side.

So—the plaintiff was required to comply with both the national and the local versions of Rule 37 before filing this motion, and he did not.

Nor does the court agree with the plaintiff that the responses to Dkt. No. 75 were untimely. As the Jail Defendants pointed out in their response, Fed. R. Civ. P. 6(1), which provides guidance for calculating due dates and other time periods, one must exclude from the thirty-day calculation the date that the demands were served, and if the thirtieth day fell on a Saturday, Sunday or holiday, that day, as well. So the defendants did respond to Dkt. No. 75 within the time period specified by the rules.

But even if, as the plaintiff contends, their response was one day late, the court would not sanction the defendants by deeming the requests admitted. Lawyers, who work under these rules frequently, and judges, who enforce them, realize that the people who operate under these rules are human. Things happen. Mail gets delayed. People get sick. Documents get lost. Lawyers' offices burn down (this happened to a colleague of the undersigned several years ago). As a result, lawyers and courts are somewhat flexible when it comes to minor compliance failures. If a party is a day late in providing discovery responses,

5

experienced lawyers will not complain. This court has seen cases where a party has been a week, two weeks, three weeks late in providing discovery, and the requesting party has simply called or e-mailed and said, "Hey—your discovery is late. Is there a problem? Can you give me a sense of when you'll provide it?" This is the kind of "meet and confer" required by Rule 37, and lawyers do it all the time, to avoid a court battle when a simple phone call, letter or e-mail could resolve the entire dispute.

In an effort to guide any discussions the parties may have regarding the plaintiff's concerns, the court also notes that, as highlighted by the Jail Defendants, an unqualified denial followed by additional information does not mean that the denial was "based on" or "subject to" the additional information. See Dkt. No. 121 at 5. The Jail Defendants have clarified that any further response they made after a denial was only their good faith attempt to direct the plaintiff to additional information or relevant documentation. An unqualified denial is a sufficient response under Fed. R. Civ. P. 36. Whether the plaintiff disagrees with the denial, or believes such a denial to be untrue, is not relevant to the question of whether the defendants adequately responded to his discovery demands. Disagreements over the information one obtains in discovery is what motions for summary judgment and trials are for; parties obtain information through discovery, and then they are free to argue at summary judgment or at trial that the information does not support the other side's case. Courts do not force parties to change their discovery responses, simply because the asking party doesn't agree with those responses.

6

Case 2:14-cv-00381-PP   Filed 08/10/16   Page 6 of 9   Document 197

With regard to the plaintiff's requests to admit directed to defendant Wearing (Dkt. No. 75-17, Requests Nos. 5, 6, 7, 8, and 10), the court believes that the plaintiff has clarified that he is asking for specific information about the particular cell he was first held in when he arrived at Racine County Jail, not about "holding cells" in general. With this clarification, the Jail Defendants should be able to provide the plaintiff with responses to those requests. The ease with which the court was able to resolve this one particular dispute underscores why it is important for the plaintiff to try to work out his concerns with the defendants first, before filing a motion and generating litigation in court. The court is hopeful that the with these observations in mind, the plaintiff will be able to resolve, through informal discussions with the Jail Defendants, whatever concerns he had about their responses.

The court will deny the plaintiff's motion to determine sufficiency. Dkt. No. 116.

II. The Plaintiff's Motion to Compel Discovery

The plaintiff's March 7, 2016 motion *is* captioned "Motion to Compel Discovery." Dkt. No. 143. Similar to his motion to determine sufficiency, the plaintiff argues that while defendant Gone (one of the Medical Defendants) provided responses to his discovery demands, he does not agree with those responses. Dkt. No. 144. He asserts that he made a good-faith effort to work this out with the other side (as required by Rule 37), and attaches a letter he sent to defendant Gone's counsel in which he asserts that he believes that the responses he received were "frivolous." Dkt. No. 145-1.

7

Specifically, the plaintiff asked defendant Gone to produce documents "authored, created, or sponsored by Mr. Banks which [she] contend[s] support [her] defenses in this lawsuit" and to produce documents "supporting any affirmative defense listed in the Answer and Affirmative Defenses of Defendants." Dkt. No. 145-1 at 2, 4. Gone objected to these requests, arguing they requested a legal contention, requested information protected by the work-product doctrine, and failed to specify the particular documents being sought.

The court agrees with defendant Gone that these requests are vague and ambiguous. They are also overbroad. The plaintiff is asking defendant Gone to produce anything the plaintiff might have written that she believes supports her version of the case, and any documents that support her affirmative defenses. What he's actually asking for, then, is for defendant Gone to lay out for him her strategy for defending against his allegations.

The discovery rules do not require a party to produce a roadmap of the party's case for the other side. A party might have 1,000 documents that could lead to relevant evidence, and the rules would require the party to turn over those 1,000 documents. But the party does not have to tell the other side *which* of those 1,000 documents it thinks will really prove its case, or will support its defense. Each party has a right to determine his or her own litigation strategy, once the discovery has been produced.

Indeed, the work product privilege to which the defendant refers is an important limitation on the scope of discovery. See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 152 F.R.D. 132, 135 (N.D. Ill. 1993). It "exists so that

8

one party cannot gain an unfair advantage over another by learning the other party's counsel's strategies and legal theories." Id. (citations omitted). It specially protects an attorney's "mental impressions, conclusions, opinions, or legal theories." Id. (citations omitted).

The documents upon which defendant Gone intends to rely in formulating her defense may not be privileged (that would need to be determined on a document-by-document basis), but counsel's opinion of the value those documents is. Because the plaintiff's requests seek the latter, the court will deny the plaintiff's motion to compel (Dkt. No. 143).

The court **ORDERS** that the plaintiff's motion to determine the sufficiency of answers or objections to admissions (Dkt. No. 116) is **DENIED**. If the parties, after a good faith effort, are unable to resolve this discovery dispute on their own, the plaintiff may refile his motion.

The court further **ORDERS** that the plaintiff's motion to compel (Dkt. No. 143) is **DENIED**.

Dated in Milwaukee, Wisconsin this 10th day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge